1   DANIEL J. BERGESON, State Bar No. 105439
    dbergeson@be-law.com
2   DONALD P. GAGLIARDI, State Bar No. 138979
    dgagliardi@be-law.com
3   MARC G. VAN NIEKERK, State Bar No. 201329
    mvanniekerk@be-law.com
4   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
5   San Jose, CA 95110-2712
    Telephone: (408) 291-6200
6   Facsimile: (408) 297-6000

7   MARK C. HANSEN, *pro hac vice*
    mhansen@khhte.com
8   J.C. ROZENDAAL, *pro hac vice*
    jrozendaal@khhte.com
9   KELLOGG, HUBER, HANSEN, TODD,
      EVANS & FIGEL, PLLC
10  Sumner Square
    1615 M Street, NW, Suite 400
11  Washington, DC 20036
    Telephone: (202) 326-7900
12  Facsimile: (202) 326-7999

13  Attorneys for Defendant

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                       SAN JOSE DIVISION

17

18  ASUSTEK COMPUTER INC. and ASUS          No. C 07-01942-PVT
    COMPUTER INTERNATIONAL,
19                                          **RICOH'S MOTION TO DISMISS FOR IN-
                                            SUFFICIENT SERVICE, TO STAY PENDING
20                              Plaintiffs,  APPEAL, TO TRANSFER UNDER § 1404(a),
                                            TO DECLINE TO ENTERTAIN DECLARA-
                        vs.                 TORY JUDGMENT JURISDICTION, AND
21                                          TO DISMISS FOR LACK OF PERSONAL
    RICOH COMPANY, LTD.,                    JURISDICTION**
22
                                Defendant.
23                                          **Hearing:    July 17, 2007
                                            Time:        10:00 a.m.
24                                          Dept.:       Courtroom 5
                                            Judge:       Honorable Patricia V. Trumbull**
25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

NOTICE OF MOTION ....................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 2

    BACKGROUND ................................................................................................................ 2

    ARGUMENT ...................................................................................................................... 2

    I.     The Complaint Should Be Dismissed for Insufficiency of Service of Process ............ 2

    II.    The Action Should Be Stayed Pending the Federal Circuit's Resolution of the Appeal From the Dismissal on Personal Jurisdiction Grounds ................................ 4

    III.   The Court Should Not Entertain the Declaratory Judgment Action .......................... 6

    IV.   The Case Should Be Transferred to Wisconsin ..................................................... 7

    V.    The Court Should Dismiss the Complaint for Lack of Personal Jurisdiction ................ 8

        A.    Procedure on Jurisdictional Motion to Dismiss ................................................ 8

        B.    General Jurisdiction .............................................................................. 9

            1.    Legal test for general jurisdiction ......................................................... 9

            2.    Ricoh's contacts with California are insufficient to establish general jurisdiction ............................................................................. 10

            3.    ASUS is not entitled to jurisdictional discovery .................................... 12

    CONCLUSION .................................................................................................................. 13

RICOH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE, TO STAY PENDING
APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY
JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION
C-07-01942-PVT

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page(s)**

Alcaraz Martinez v. White,
    No. C 06-01595, 2006 WL 1530111 (N.D. Cal. June 2, 2006) ..........................................4

Alperin v. Vatican Bank,
    410 F.3d 532 (9th Cir. 2005), cert. denied, 126 S. Ct. 1141,
    and cert. denied, 126 S. Ct. 1160 (2006) ..................................................................9

Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.,
    551 F.2d 784 (9th Cir. 1977) ...................................................................................8

American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert,
    94 F.3d 586 (9th Cir. 1996) ....................................................................................12

BBC Int'l Ltd. v. Lumino Designs, Inc.,
    441 F. Supp. 2d 438 (E.D.N.Y. 2006) .....................................................................8

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,
    223 F.3d 1082 (9th Cir. 2000) ...........................................................................10, 11

BenQ America Corp. v. Forward Elecs. Co,
    No. C-05-2409, 2005 WL 3445629 (N.D. Cal. Dec. 15, 2005)...............................8

Bradford v. Mitchell Bros. Truck Lines,
    217 F. Supp. 525 (N.D. Cal. 1963) ........................................................................9

Brand v. Menlove Dodge,
    796 F.2d 1070 (9th Cir. 1986) ...............................................................................9

Brockmeyer v. May,
    383 F.3d 798 (9th Cir. 2004) .................................................................................3

CQGT, LLC v. Trading Techs. Int'l, Inc.,
    No. 05-cv-01584, 2006 WL 2711770 (D. Colo. Sept. 21, 2006)............................8

Cannon Mfg. Co. v. Cudahy Packing Co.,
    267 U.S. 333 (1925).............................................................................................11

Cedars-Sinai Med. Ctr. v. Shalala,
    125 F.3d 765 (9th Cir. 1997) .................................................................................8

Cellco P'ship v. Broadcom Corp,
    No. 2006-1514, 2007 WL 841615 (Fed. Cir. Mar. 19, 2007)................................7

ii

RICOH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE, TO STAY PENDING
APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY
JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION
C-07-01942-PVT

1   *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.,*
2       230 F.3d 934 (7th Cir. 2000) ...................................................................................................12

3   *Church of Scientology of Cal. v. United States Dep't of the Army,*
4       611 F.2d 738 (9th Cir. 1979) .....................................................................................................5

5   *Clinton v. Jones,*
        520 U.S. 681 (1997)...................................................................................................................6

6   *Congoleum Corp. v. DLW Aktiengesellschaft,*
7       729 F.2d 1240 (9th Cir. 1984) .................................................................................................11

8   *Cubbage v. Merchent,*
        744 F.2d 665 (9th Cir. 1984) ...................................................................................................11
9
10  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,*
        840 F.2d 685 (9th Cir. 1988) .....................................................................................................4
11
12  *Doe v. Unocal Corp.,*
        248 F.3d 915 (9th Cir. 2001) ...................................................................................................11

13  *Dunham v. Environmental Chem. Corp., No. C 06-03389,*
14      2007 WL 39317 (N.D. Cal. Jan. 4, 2007)..................................................................................6

15  *Fern v. Turman,*
        736 F.2d 1367 (9th Cir. 1984) ...................................................................................................7
16
17  *Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co.,*
        No. C-04-3627, 2005 WL 628034 (N.D. Cal. Mar. 17, 2005) ...........................................3, 4

18  *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,*
19      284 F.3d 1114 (9th Cir. 2002) ...................................................................................................9

20  *Government Employees Ins. Co. v. Dizol,*
        133 F.3d 1220 (9th Cir. 1998) ...................................................................................................6
21
22  *Graval v. P.T. Bakrie & Bros.,*
        986 F. Supp. 1326 (C.D. Cal. 1996) ..........................................................................................4

23  *Great Southern Life Ins. Co. v. Zarate,*
24      No. C96-4520, 1997 WL 136246 (N.D. Cal. Mar. 13, 1997)....................................................7

25  *Hansen v. Neumueller GmbH,*
26      163 F.R.D. 471 (D. Del. 1995) .................................................................................................12

27
28

RICOH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE, TO STAY PENDING
APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY
JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION
C-07-01942-PVT

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,*
    328 F.3d 1122 (9th Cir 2003) ...........................................................................................12

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
    466 U.S. 408 (1984).........................................................................................................9, 10

*Inherent.com v. Martindale-Hubbell,*
    420 F. Supp. 2d 1093 (N.D. Cal. 2006) ...............................................................................5

*Karuk Tribe of Cal. v. U.S. Forest Serv.,*
    No. Civ. 04-4275, 2006 WL 228943 (N.D. Cal. Jan. 30, 2006).........................................6

*MasterCard Int'l, Inc. v. Lexcel Solutions, Inc.,*
    No. 03 Civ.7157, 2004 WL 1368299 (S.D.N.Y. June 16, 2004).........................................8

*McLaughlin v. McPhail,*
    707 F.2d 800 (4th Cir. 1983) ............................................................................................13

*MedImmune, Inc. v. Genentech, Inc.,*
    127 S. Ct. 764 (2007)..........................................................................................................6

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
    678 F.2d 93 (9th Cir. 1982) ................................................................................................5

*Paxonet Communications, Inc. v. TranSwitch Corp.,*
    303 F. Supp. 2d 1027 (N.D. Cal. 2003) ..............................................................................5

*Prewitt Enters., Inc. v. OPEC,*
    353 F.3d 916 (11th Cir. 2003) ...........................................................................................4

*Public Serv. Comm'n v. Wycoff Co.,*
    344 U.S. 237 (1952)............................................................................................................7

*Ruhrgas AG v. Marathon Oil Co.,*
    526 U.S. 574 (1999).............................................................................................................1

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004) ...........................................................................................8, 9

*Sher v. Johnson,*
    911 F.2d 1357 (9th Cir. 1990) ...........................................................................................8

*Silverstein v. Experienced Internet.com, Inc.,*
    No. C 05-0160 PVT, 2005 WL 1629935 (N.D. Cal. July 11, 2005) ...................................9

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    127 S. Ct. 1184 (2007)..................................................................................................1

*Spectronics Corp. v. H.B. Fuller Co.*,
    940 F.2d 631 (Fed. Cir. 1991).......................................................................................6

*Suzuki Motor Co. v. Superior Court*,
    200 Cal. App. 3d 1476, 249 Cal. Rptr. 376 (Ct. App. 1988) .......................................4

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................................8

*Taylor v. List*,
    880 F.2d 1040 (9th Cir. 1989) ......................................................................................9

*Taylor v. Portland Paramount Corp.*,
    383 F.2d 634 (9th Cir. 1967) ..................................................................................8-9

*Tenet v. Doe*,
    544 U.S. 1 (2005)..........................................................................................................1

*Teva Pharms. USA, Inc. v. Novertis Pharms. Corp.*,
    No. 06-1181, 2007 WL 942201 (Fed. Cir. Mar. 30, 2007).........................................6

*Transure, Inc. v. Marsh & McLennon, Inc.*,
    766 F.2d 1297 (9th Cir. 1985) ...................................................................................12

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
    917 F.2d 1574 (Fed. Cir. 1990)....................................................................................5

*U.S. Vestor, LLC v. Biodata Info. Tech. AG*,
    290 F. Supp. 2d 1057 (N.D. Cal. 2003) .....................................................................12

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988)......................................................................................................3

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995)......................................................................................................6

*Z-Line Designs, Inc. v. Bell'O Int'l, LLC*,
    218 F.R.D. 663 (N.D. Cal. 2003)..................................................................................6

*Zimmer Enters., Inc. v. Atlandia Imports, Inc.*,
    No. 3:06-cv-038, 2007 WL 743800 (S.D. Ohio Mar. 13, 2007) ..................................8

1

**STATUTES AND RULES**

2

28 U.S.C. § 1404(a) ........................................................................................................7

3

28 U.S.C. § 2201(a) ........................................................................................................6

4

35 U.S.C. § 293 ...............................................................................................................9

5

6

Fed. R. Civ. P. 4(f)(2)(C)(ii) .........................................................................................3

7

Fed. R. Civ. P. 12(b)(5) ..................................................................................................3

8

Fed. R. Civ. P. 54(b) ...................................................................................................2, 5

9

**OTHER AUTHORITIES**

10

11

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
    Commercial Matters, Feb. 10, 1969, 20 U.S.T. 361 ...........................................................3

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICOH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE, TO STAY PENDING
APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY
JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION
C-07-01942-PVT

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on July 17, 2007, at 10:00 a.m., or at such other date and time as the Court may order, before the Honorable Patricia V. Trumbull, U.S. Magistrate Judge, in Courtroom 5 of the above-captioned court, located at 280 South 1st Street, San Jose, California, defendant Ricoh Company, Ltd. ("Ricoh") will and hereby does move (1) to dismiss the complaint for insufficiency of service; (2) to stay this action until the Federal Circuit has decided an appeal of the dismissal on jurisdictional grounds of Ricoh's substantially identical patent infringement case against AsusTek Computer Inc. and ASUS Computer International (collectively, "ASUS") in the Western District of Wisconsin; (3) to transfer this action to the Western District of Wisconsin, where substantial discovery of the same issues has already taken place; (4) to exercise this Court's discretion to dismiss this declaratory-judgment action to avoid duplication of judicial effort; and/or (5) to dismiss the complaint for lack of personal jurisdiction.[1]    This motion is based on the present notice of motion, the accompanying memorandum of points and authorities, the accompanying Nagashima Declaration, the accompanying Katsuyama Declaration, the argument of counsel, and the Court's files in this matter, and such additional evidence and argument as may hereinafter be presented.

---

[1] Although Ricoh must make its Motion to Dismiss for Lack of Personal Jurisdiction now to avoid waiving its personal-jurisdiction defense, Ricoh respectfully suggests that judicial economy would best be served by adjudicating the other motions – in particular, the motion to quash service – before considering personal jurisdiction. As the Supreme Court reiterated just this Term, a "federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). *Sinochem* held that a court may dismiss a case based on *forum non conveniens* before reaching personal and subject-matter jurisdiction. The Court recognized that "considerations of convenience, fairness, and judicial economy" should drive a court's choice of threshold grounds for dismissal: a court may conserve judicial resources by choosing the threshold path of least resistance, so long as it does not adjudicate the merits of the case. *Id.* at 1192-93; *see also Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005).

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

Ricoh Company, Ltd. ("Ricoh"), the defendant in this patent-infringement declaratory judgment action, previously sued AsusTek Computer Inc. and ASUS Computer International (collectively, "ASUS") for patent infringement in the Western District of Wisconsin: *Ricoh Company, Ltd. v. AsusTek Computer Inc., ASUS Computer International, Quanta Computer Inc., Quanta Storage Inc., Quanta Computer USA, Inc. and Nu Technology, Inc.*, Case No. 06-C-0462 (the "Wisconsin Suit"). Ricoh is a Japanese corporation; AsusTek is a Taiwanese corporation. Ricoh does not do business in California and has no substantial contacts with California. The depositions of ASUS in the Wisconsin Suit have been taken in Taiwan. About nine months after the Wisconsin Suit was filed, with the deadline for summary judgment motions rapidly approaching, the district court dismissed ASUS on grounds of lack of personal jurisdiction. The Wisconsin Suit remains pending against other defendants and will go to trial in the fall. Final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to ASUS has been entered by the court; Ricoh filed a notice of appeal on May 21 and anticipates that the Federal Circuit will hear the appeal late this year.

ASUS purported to effectuate service of process in the present case by mail, rather than follow the requirements of the Hague Convention, to which the United States and Japan are signatories, and despite the fact that Japanese law prohibits service by mail. *See* Nagashima Decl. ¶¶ 4-9.

### ARGUMENT

#### I.   The Complaint Should Be Dismissed for Insufficiency of Service of Process

Ricoh moves, pursuant to Fed. R. Civ. P. 12(b)(5), to dismiss for insufficiency of service of process. ASUS purported to make service in this case by mailing the complaint and summons to Ricoh in Japan. Because Japanese law prohibits service of process in this manner, the purported service is a nullity. The Court should therefore dismiss the complaint without

- 2 -

1    prejudice. *See Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co.*, No. C-04-3627, 2005 WL 628034

2    (N.D. Cal. Mar. 17, 2005) (granting motion to dismiss for insufficient service of process where

3    complaint was served by mail on Japanese defendant).

4              The United States and Japan are signatories to the Convention on the Service Abroad of

5    Judicial and Extrajudicial Documents in Civil or Commercial Matters, Feb. 10, 1969, 20 U.S.T.

6    361, 362 ("the Hague Convention"). The Hague Convention applies "in all cases, in civil or

7    commercial matters, where there is occasion to transmit a judicial or extrajudicial document for

8    service abroad." *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99

9    (1988) (internal quotation marks omitted). Although the Hague Convention does not *forbid*

10   service of process by international mail, if permitted by the law of the receiving country, neither

11   does the Convention itself *authorize* mail service. Any affirmative authorization of service by

12   international mail therefore "must come from the law of the forum in which the suit is filed."

13   *Brockmeyer v. May*, 383 F.3d 798, 804 (9th Cir. 2004).

14             For a suit filed in federal court, the only possible source of such authority is Fed. R. Civ.

15   P. 4(f)(2)(C)(ii). *See* 383 F.3d at 804. That rule provides, in relevant part:

16           (f) [S]ervice ... may be effected in a place not within any judicial district of the
             United States:

17                   ...

18           (2) if there is no internationally agreed means of service or the applicable
             international agreement allows other means of service, provided that service is

19           reasonably calculated to give notice:

                     ...

20               (C) *unless prohibited by the law of the foreign country, by...*

                     ...

21                   (ii) any form of mail requiring a signed receipt, *to be addressed and*

22                   *dispatched by the clerk of the court* to the party to be served....

23   Fed. R. Civ. P. 4(f)(2)(C)(ii) (emphasis added).

24             Mail service does not satisfy the requirements of that rule for two reasons. First, as this

25   Court has previously recognized, the law of Japan prohibits service by mail. *See* accompanying

26   Declaration of Takaaki Nagashima, Esq. ¶¶ 4-9 ("Nagashima Decl."); *Fireman's Fund*, 2005

27

28

RICOH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE, TO STAY PENDING
APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY
JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION
C-07-01942-PVT

1  WL 628034, at *3-*4; *see also Suzuki Motor Co. v. Superior Court*, 200 Cal. App. 3d 1476,

2  1480-81, 1485, 249 Cal. Rptr. 376, 379, 382 (Ct. App. 1988) (issuing mandamus to quash

3  service because Japan does not allow service by registered mail).  Second, it appears that the

4  mailing was neither addressed nor dispatched by the clerk of court, as required by the rule.  This

5  failure to comply with the rule likewise justifies dismissing the complaint without prejudice.  *See*

6  *Alcaraz Martinez v. White*, No. C 06-01595, 2006 WL 1530111, at *1 (N.D. Cal. June 2, 2006)

7  (quashing service under Rule 4(f)(2)(C)(ii) and dismissing complaint where record did not reflect

8  that "the clerk of the court mailed the summons and complaint").

9        That Ricoh actually received the mailed complaint is of no moment.  "A federal court

10  does not have jurisdiction over a defendant unless the defendant has been served properly under

11  [Rule] 4."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688

12  (9th Cir. 1988).  Where service does not comply with Rule 4, "neither actual notice nor simply

13  naming the defendant in the complaint will provide personal jurisdiction."  *Id.* (internal quotation

14  marks omitted).  *See also, e.g., Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 919-20, 924-25

15  (11th Cir. 2003) (complaint dismissed even though defendant had actual notice of suit, because

16  service by mail was prohibited under receiving country's law).

17        Because ASUS's purported service by mail is contrary to Japanese law and not in

18  compliance with Rule 4, the complaint should be dismissed without prejudice.  *See, e.g., Graval*

19  *v. P.T. Bakrie & Bros.*, 986 F. Supp. 1326, 1334 (C.D. Cal. 1996) (dismissing without prejudice

20  because of insufficiency of service on foreign defendant).

21  **II.    The Action Should Be Stayed Pending the Federal Circuit's Resolution of the**
        **Appeal From the Dismissal on Personal Jurisdiction Grounds**
22

23        As mentioned, Ricoh filed a patent-infringement action (the "first-filed action")

24  substantially identical to this action against ASUS and another Taiwanese company (Quanta) in

25

26

27                                            - 4 -

28

1    the Western District of Wisconsin in August 2006.[2]  In April 2007, after substantial discovery

2    between the parties had taken place, the Wisconsin court dismissed the first-filed action against

3    ASUS for lack of personal jurisdiction.  Ricoh thereafter filed a motion for entry of a final

4    judgment with respect to ASUS, Fed. R. Civ. P. 54(b), which the Wisconsin court granted.

5    Ricoh has filed a notice of appeal and expects that the Federal Circuit will hear the appeal late

6    this year.

7         If this Court does not dismiss the complaint for insufficiency of service of process, it

8    should stay this action pending the resolution of Ricoh's appeal of the Wisconsin judgment.[3]  If

9    the Federal Circuit reverses the judgment and remands the case for trial, as Ricoh believes that it

10   will, the first-filed action against ASUS would likely go to trial in early or mid-2008.  It would

11   be wastefully duplicative of judicial resources to have this declaratory-judgment action proceed

12   in this Court at the same time that the first-filed action is proceeding in Wisconsin.

13        It is standard practice to stay a later-filed declaratory judgment patent action when a

14   normal patent infringement action has been filed earlier in another court.[4]  It is within this

15

16        [2] The instant action is a "mirror-image" declaratory-judgment action.  *See VE Holding
     Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990) ("It has long been
17   held that a declaratory judgment action alleging that a patent is invalid and not infringed–the
     mirror image of a suit for patent infringement–is governed by the general venue statutes ....").

18
          [3] During the pendency of the first-filed action, the statute of limitations has been running
19   on Ricoh's claims against ASUS.  Consequently, if the dismissal in the first-filed action is
     upheld and if Ricoh is forced to pursue its patent-infringement claims by counterclaim in the
20   California case, it will lose a significant portion of the damages to which it believes it is entitled.
     In contrast, if Ricoh prevails on appeal and is permitted to litigate its claims on remand to the
21   Wisconsin court, there would be no comparable loss of damages due to the running of the statute
     of limitations.  No substantial hardship would result for ASUS from the stay.

22        [4] *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)
23   (holding that first-to-file rule is "a generally recognized doctrine of federal comity which permits
     a district court to decline jurisdiction over an action when a complaint involving the same parties
     and issues has already been filed in another district") (citing *Church of Scientology of Cal. v.
24   United States Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1979)); *Paxonet Communications,
     Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003); *see also Inherent.com v.
25   Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) ("a district court may transfer,
     stay or dismiss the second action if it determines that it would be in the interest of judicial

26

27

28

Court's sound discretion to stay these proceedings pending Ricoh's appeal of the Wisconsin judgment.[5]    Because a stay pending the disposition of Ricoh's appeal would minimize duplicative proceedings and conserve judicial resources, the Court should exercise its discretion in favor of a stay.

**III.    The Court Should Not Entertain the Declaratory Judgment Action**

The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). "This text has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 776 (2007) (quoting *Wilton v. Seven Falls Co.*, 515 U. S. 277, 286 (1995)). Accordingly, this Court has "discretion in determining *whether and when* to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282 (emphasis added). The district court always "retains discretion under the Act to decline declaratory judgment jurisdiction." *Teva Pharms. USA, Inc. v. Novertis Pharms. Corp.*, No. 06-1181, 2007 WL 942201, at *4 n.3 (Fed. Cir. Mar. 30, 2007); *see also Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952); *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991) ("When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary.").

---

economy and convenience of the parties"); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

[5] *See Karuk Tribe of Cal. v. U.S. Forest Serv.*, No. Civ. 04-4275, 2006 WL 228943, at *2 (N.D. Cal. Jan. 30, 2006) ("The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'") (quoting *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997)); *see also Dunham v. Environmental Chem. Corp.*, No. C 06-03389, 2007 WL 39317, at *1 (N.D. Cal. Jan. 4, 2007).

1    In the circumstances here, where the patent-infringement issues are already before a sister

2    federal court in Wisconsin and where proceeding with the action will lead to a needless

3    duplication of judicial effort, this Court should exercise its discretion by declining to entertain

4    this declaratory-judgment suit. Conservation of judicial resources by avoiding duplicative litiga-

5    tion is a well-recognized ground for declining declaratory judgment jurisdiction. *See, e.g., Fern*

6    *v. Turman*, 736 F.2d 1367, 1370 (9th Cir. 1984); *Great Southern Life Ins. Co. v. Zarate*, No.

7    C96-4520, 1997 WL 136246, at *1 (N.D. Cal. Mar. 13, 1997) ("Federal courts have discretion to

8    dismiss or stay claims for declaratory relief if it would be uneconomical and unwise to proceed

9    with the federal action."). The Federal Circuit recently approved a district court's refusal to

10   exercise jurisdiction over a declaratory judgment action in circumstances similar to those here.

11   *See Cellco P'ship v. Broadcom Corp*, No. 2006-1514, 2007 WL 841615, at *1 (Fed. Cir. Mar.

12   19, 2007) (unpub.) ("In light of these other proceedings involving the chip manufacturer, the trial

13   court determined that entertaining Cellco's declaratory judgment action would be 'an inappropri-

14   ate use of multiple judicial districts.' Because of potential judicial efficiency, and because

15   Cellco has not shown sufficient harm to require immediate resolution of its case prior to the

16   conclusion of these other proceedings, we find no abuse of discretion in dismissing the case.").

17   This Court should follow the same course.

18   **IV.    The Case Should Be Transferred to Wisconsin**

19   　　　If the Court does not dismiss for insufficiency of service and decides against a stay

20   pending appeal of the Wisconsin judgment, it should transfer the case to the Western District of

21   Wisconsin under 28 U.S.C. § 1404(a), in the interest of judicial economy. The Wisconsin court

22   is proceeding with the first-filed action against other parties; it has already held a claim-

23   construction hearing and has recently issued its constructions of the claims of the patents in suit;

24   it has become familiar with the technology and other issues relevant to the patents in suit and

25   will continue to build on that familiarity as it considers dispositive motions due June 1. It would

26   be wasteful of judicial resources to have this Court start from scratch and re-do much of the work

27

28

1 already being done in the first-filed action in Wisconsin. The circumstances here fully justify a

2 transfer under § 1404(a).[6]

3 **V.    The Court Should Dismiss the Complaint for Lack of Personal Jurisdiction**

4     **A.    Procedure on Jurisdictional Motion To Dismiss**

5       The plaintiff bears the burden of demonstrating that the Court's exercise of personal

6 jurisdiction over the defendant is appropriate. *See Schwarzenegger v. Fred Martin Motor Co.*,

7 374 F.3d 797, 800 (9th Cir. 2004); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

8 Where, as here, the motion is based on written materials rather than an evidentiary hearing, the

9 plaintiff must "make a *prima facie* showing of the jurisdictional facts." 911 F.2d at 1361; *BenQ*

10 *America Corp. v. Forward Elecs. Co*, No. C-05-2409, 2005 WL 3445629, at *3 (N.D. Cal. Dec.

11 15, 2005). In such cases, the plaintiff cannot "simply rest on the bare allegations of its

12 complaint." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *BenQ*,

13 2005 WL 3445629, at *3.

14       When a defendant properly controverts jurisdictional allegations of the complaint, the

15 plaintiff must produce *competent, nonconclusory* affidavits to support jurisdiction.[7] Allegations

---

16

17     [6] *See Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (court has dis-

18 cretion to transfer, stay, or dismiss case "in the interest of efficiency and judicial economy");
*Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, No. 3:06-cv-038, 2007 WL 743800, at *7 (S.D.

19 Ohio Mar. 13, 2007) (transferring declaratory judgment action); *CQGT, LLC v. Trading Techs.
Int'l, Inc.*, No. 05-cv-01584, 2006 WL 2711770, at *2-*3 (D. Colo. Sept. 21, 2006) (transferring

20 declaratory judgment case to forum where patent infringement case was pending); *BBC Int'l Ltd.
v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 447 (E.D.N.Y. 2006) ("In sum, after careful

21 consideration of all the relevant factors and the totality of the circumstances, including
preventing the unnecessary expense and waste of judicial resources by having two closely related

22 [patent] cases proceed in parallel in two separate districts, this Court concludes that this
[declaratory judgment] case should be transferred."); *MasterCard Int'l, Inc. v. Lexcel Solutions,

23 Inc.*, No. 03 Civ.7157, 2004 WL 1368299, at *8 (S.D.N.Y. June 16, 2004) ("It would be
inefficient and a waste of judicial resources to subject the same parties to suit over

24 interconnected [patent infringement] claims concerning identical technology and underlying
disputes in two separate fora.").

25     [7] *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("conclusory allegations

26 . . . are insufficient to establish a prima facie showing of personal jurisdiction"); *Taylor v.*

27

28

1  made, as here, "on information and belief" are not competent on a motion to dismiss for lack of

2  personal jurisdiction.[8]

3  **B.    General Jurisdiction**

4     **1.    Legal test for general jurisdiction**

5  The complaint alleges no facts on which *specific* jurisdiction over Ricoh could be based.[9]

6  To establish *general* jurisdiction here, ASUS must show that Ricoh has continuous and

7  substantial contacts with California.  *See, e.g., Helicopteros Nacionales de Columbia, S.A. v.*

8  *Hall*, 466 U.S. 408, 416 (1984) ("continuous and systematic general business contacts"); *Glen-*

9  *core Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002).

10  General jurisdiction has "an exacting standard, . . . because a finding of general jurisdiction

11  permits a defendant to be haled into court in the forum state to answer for any of its activities

12  anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.  The attenuated contacts that Ricoh

13  has with this forum do not qualify for general jurisdiction under Ninth Circuit precedents.  *See*

14  *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general

---

17  *Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967) ("mere allegations of the
   complaint, when contradicted by affidavits," insufficient to establish personal jurisdiction); *see*
18  *also Alperin v. Vatican Bank*, 410 F.3d 532, 538 n.1 (9th Cir. 2005) ("bare-bones assertions" of
   minimum contacts are insufficient to support jurisdiction), *cert. denied*, 126 S. Ct. 1141, *and*
19  *cert. denied*, 126 S. Ct. 1160 (2006).

20     [8]  *See Silverstein v. Experienced Internet.com, Inc.*, No. C 05-0160 PVT, 2005 WL
   1629935, at *3 (N.D. Cal. July 11, 2005) ("the allegations that Defendants are doing business in
21  California" are not competent evidence "because Plaintiff bases those allegations on
   'information and belief'"; complaint dismissed for lack of personal jurisdiction); *Bradford v.*
22  *Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527-28 (N.D. Cal. 1963) (allegation as to
   corporation's citizenship "on information and belief" is insufficient for jurisdictional purposes
23  and amounts to "no allegation at all"); *see also Taylor v. List*, 880 F.2d 1040, 1045 n.3 (9th Cir.
   1989) (affidavits made on information and belief do "not raise a triable issue").

24     [9]  Although ASUS has alleged no basis for specific jurisdiction in the Northern District of
   California, specific jurisdiction for declaratory judgment actions against a foreign patentee can
25  be had in the U.S. District Court for the District of Columbia pursuant to special jurisdictional
   provisions of 35 U.S.C. § 293.

jurisdiction was denied despite defendants' significant contacts with forum).

### 2. Ricoh's contacts with California are insufficient to establish general jurisdiction

ASUS's jurisdictional allegations are entirely conclusory. The complaint states, in pertinent part:

> Jurisdiction over RICOH is proper in this Court because RICOH has *continuous, systematic, and substantial contacts* with the State of California. *On information and belief,* RICOH sells, offers to sell, imports, repairs, and services products in California, including the Northern District of California. *Upon further information and belief,* RICOH has participated as a party in the past, and is currently a party in other actions that are now pending, in the Northern District of California.

Compl. ¶ 9 (emphases added). After reciting the formula for general jurisdiction, ASUS then asserts, in conclusory terms and on information and belief, that Ricoh's contacts with California suffice under the applicable legal standard.

The facts are to the contrary. Ricoh is a Japanese corporation with its principal place of business in Japan. Declaration of Hiroshi Katsuyama ¶ 2 ("Katsuyama Decl."). Ricoh has no offices, bank accounts, property, or employees in California. *Id.* ¶ 3. It has not established a telephone listing or mailing address in California. *Id.* ¶ 4. None of its officers or directors are domiciled in California and none of its board meetings have been held in California. *Id.* ¶ 5. It has no agent for service of process in California. *Id.* ¶ 6. Its employees do not regularly travel to California to conduct business. *Id.* ¶ 7. It does not direct any of its advertising toward California. *Id.* ¶ 8. It does not take orders in California or solicit business in California. *Id.* ¶ 9. It does not import goods into California. *Id.* ¶ 10. In sum, Ricoh has nothing approaching the "continuous and systematic general business contacts" required for general jurisdiction. *Helicopteros Nacionales,* 466 U.S. at 416.

When a court determines general jurisdiction, it must take into account "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). Not one of those

- 10 -

1   factors applies to Ricoh. *See* Katsuyama Decl. ¶¶ 11, 12. In *Bancroft*, the Ninth Circuit held

2   general jurisdiction lacking because the defendant was not registered or licensed to do business

3   in California; paid no taxes in California; maintained no bank accounts in California; and

4   targeted no print, television, or radio advertising toward California. In these circumstances, the

5   defendant's occasional sales of merchandise to California residents were insufficient to create

6   general jurisdiction. *See* 223 F.3d at 1086. The facts here are similar to those in *Bancroft*, and

7   the result should be no different.

8           The lack of contacts with California, as shown by the Katsuyama Declaration, place this

9   case at least on a par with other cases in which the Ninth Circuit has held personal jurisdiction

10  lacking. For example, in *Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir. 1984), the court

11  found no general jurisdiction over the defendant doctors even though they had significant

12  numbers of patients in forum, used the forum state's medical-insurance system, and listed

13  themselves in a telephone directory that reached the forum state. Ricoh has even fewer contacts

14  than did the defendant doctors in *Cubbage*. Ricoh has no customers in California; does not use

15  the state's insurance system; and does not list itself in a telephone directory that reaches

16  California. Katsuyama Decl. ¶¶ 4, 13.     Likewise, in *Congoleum Corp. v. DLW*

17  *Aktiengesellschaft*, 729 F.2d 1240, 1243 (9th Cir. 1984), the court found no general jurisdiction

18  even though the defendant maintained a sales force in the forum. Ricoh has no sales force in

19  California. Katsuyama Decl. ¶ 12.

20          Ricoh Americas Corporation ("RAC"), a subsidiary of defendant Ricoh, has customers in

21  California for products unrelated to this litigation. Katsuyama Decl. ¶¶ 14-16. It is well

22  established that as long as a parent and a subsidiary are separate and distinct corporate entities,

23  the presence of one in a forum state may not be attributed to the other.[10] Ricoh has additional

24

25          [10] *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337-38 (1925); *Doe v. Unocal*

26  *Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) ("The existence of a relationship between a parent

27                                              - 11 -

28

1  subsidiaries that perform functions similar to those of RAC, but they also operate in the same

2  way and thus their contacts are not imputable to Ricoh. *See* Katsuyama Decl. ¶ 17. Thus, ASUS

3  has not alleged and cannot establish the facts needed to support exercise of general jurisdiction

4  over Ricoh in this forum. The complaint should therefore be dismissed.

5  **3.    ASUS is not entitled to jurisdictional discovery**

6  ASUS has not made out enough of a jurisdictional case even to justify discovery. A

7  plaintiff cannot avoid its pre-filing investigation responsibilities and bootstrap itself into a

8  lawsuit against a non-resident defendant by simply suing and then professing the need for

9  jurisdictional discovery. A defendant may not be subjected to discovery unless the plaintiff has

10  made at least a minimally colorable showing of personal jurisdiction. *Central States, S.E. &*

11  *S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)

12  ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal

13  jurisdiction before discovery should be permitted."); *Hansen v. Neumueller GmbH*, 163 F.R.D.

14  471, 475 (D. Del. 1995) ("[A] court cannot permit discovery as a matter of course simply

15  because a plaintiff has named a particular party as a defendant. The court must be satisfied that

16  there is some indication that this particular defendant is amenable to suit in this forum."). ASUS

17  has not met that burden here and therefore is not entitled to anything but a dismissal without

18  prejudice.

19  District courts properly deny jurisdictional discovery where plaintiffs fail to make a

21  company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on

22  the basis of the subsidiaries' minimum contacts with the forum.") (citing *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)); *Harris Rutsky & Co. Ins. Servs., Inc. v.*

23  *Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (100% ownership does not make subsidiary an alter ego); *American Tel. & Tel. v. Compagnie Bruxelles Lambert*, 94 F.3d 586,

24  590 (9th Cir. 1996) (where foreign parent company conducted no business and maintained no offices in California, mere fact that it maintained a majority interest in a California subsidiary did

25  not suffice to confer jurisdiction); *U.S. Vestor, LLC v. Biodata Info. Tech. AG*, 290 F. Supp. 2d 1057, 1064 (N.D. Cal. 2003).

- 12 -

1  colorable showing that personal jurisdiction exists or a persuasive case that sought-for

2  jurisdictional discovery will actually lead to probative evidence that the forum has personal

3  jurisdiction.    Thus, in *McLaughlin v. McPhail*, 707 F.2d 800 (4th Cir. 1983), as here, the

4  defendants submitted affidavits stating that they had not engaged in the acts enumerated in the

5  long-arm statute.  The plaintiff, as here, offered "nothing beyond his bare allegations" that the

6  defendants had had significant contacts with the forum state.  *Id*. at 806.  It was therefore proper

7  for the district court to deny jurisdictional discovery and simply dismiss.  *Id*. at 806-07.  For the

8  same reason, ASUS is not entitled to file its complaint in this case simply as a supposed license

9  to engage in jurisdictional discovery.

10                                          **CONCLUSION**

11         For the foregoing reasons, the complaint should be dismissed without prejudice for

12  insufficiency of service.   In the alternative, the case should be stayed pending appeal to the

13  Federal Circuit; or this Court should, in the exercise of its discretion,  decline to entertain this

14  declaratory-judgment action; or the Court should transfer the case to the Western District of

15  Wisconsin; or the Court should dismiss the complaint for lack of personal jurisdiction.

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Dated: May 24, 2007                    Respectfully submitted,

2

3                                          /s/ Donald P. Gagliardi

4                                         Donald P. Gagliardi
                                          Marc G. van Niekirk
5                                         BERGESON, LLP
                                          303 Almaden Boulevard, Suite 500
6                                         San Jose, CA 95110-2712
                                          Telephone: (408) 291-6200
7                                         Facsimile: (408) 297-6000

8                                         Mark C. Hansen
                                          J.C. Rozendaal
9                                         Richard H. Stern
                                          Michael E. Joffre
10                                        KELLOGG, HUBER, HANSEN,
                                             TODD, EVANS & FIGEL, PLLC
11                                        1615 M Street, NW, Suite 400
                                          Washington, DC 20036
12

13                                        Attorneys for Defendant
                                          RICOH COMPANY, LTD.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICOH'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE, TO STAY PENDING
APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY
JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION
C-07-01942-PVT