DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
MARC G. VAN NIEKERK, State Bar No. 201329
mvanniekerk@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN, *pro hac vice*
mhansen@khhte.com
J.C. ROZENDAAL, *pro hac vice*
jrozendaal@khhte.com
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br><br>Defendant. | No. C 07-01942-PVT<br><br>**DECLARATION OF TAKAAKI NAGASHIMA IN SUPPORT OF RICOH'S MOTION TO QUASH SERVICE, TO STAY PENDING APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing:   July 17, 2007<br>Time:       10:00 a.m.<br>Dept.:       **Courtroom 5**<br>Judge:      **Honorable Patricia V. Trumbull** |

DECLARATION OF TAKAAKI NAGASHIMA IN SUPPORT OF RICOH'S MOTION TO QUASH SERVICE, TO STAY PENDING APPEAL, TO TRANSFER UNDER § 1404(a), TO DECLINE TO ENTERTAIN DECLARATORY JUDGMENT JURISDICTION, AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION
C-07-01942-PVT

## DECLARATION OF TAKAAKI NAGASHIMA

I, TAKAAKI NAGASHIMA, hereby declare as follows:

1. I am a Japanese attorney-at-law authorized to practice before the Japanese courts. I make this declaration based upon my own personal knowledge and, if called as a witness, could and would competently testify thereto.

2. I am a partner in the law firm of Nagashima & Hashimoto, Hirakawa-cho, KS Building 2nd Floor, 2-4-14 Hirakawa-cho, Chiyoda-ku, Tokyo 102-0093. I am a member of the Japan Federation of Bar Associations, the Tokyo Bar Association (Dai-ni Tokyo), the New York Bar, and the District of Columbia Bar.

3. I have been practicing as an attorney in Japan for the past thirty years and am familiar with Japanese civil legal practice and its application in the courts of Japan.

4. Under the Japanese Code of Civil Procedure ("CCP") only Japanese court clerks are allowed to handle service of process (CCP, Article 98(2)). Service of process by non-Japanese court clerks is not accepted. Similarly, any attorneys and persons, whether Japanese or foreign, are not allowed to perform serving process.

5. For service of process from abroad, Japanese court clerks only serve process upon fulfillment of all procedures required by the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents.

6. Japanese law does not allow service of process by U.S. Express Mail delivery.

7. Japanese court clerks can provide service of process in two ways: by a special mailing process referred to as *"tokubetsu sotatsu"* in Japanese, or through an execution officer (CCP, Article 99(1)).

8. Article 66 of the Postal Service Law sets out the procedures for service of process through the special mailing process referred to as *"tokubetsu sotatsu"*. According to Article 66, *tokubetsu sotatsu* must be made only by the Japanese postal service, Japan Post. According to CCP Article 109, the postal official making service under the *tokubetsu sotatsu* procedure must report in writing to the court stating all particulars relating to service such as place, date and time of service. These requirements are unique to *tokubetsu sotatsu* service and do not apply to other types of mail delivery such as regular mail service, registered mail service, U.S. Express Mail

2

delivery, and private mail and courier services such as Federal Express, DHL, and UPS. All documents associated with this type of service are written in Japanese.

9. *Tokubetsu sotatsu* service is permitted only for service of process within Japan. For service outside of Japan, service must be made by the presiding judge entrusting the matter to the competent government authorities in the country of service or to the Japanese ambassador, minister envoy or counsel stationed in such country (CCP, Article 108).

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed in Tokyo, Japan, on May 9, 2007.

*/s/ Takaaki Nagashima*

TAKAAKI NAGASHIMA