1  DANIEL J. BERGESON, State Bar No. 105439
   dbergeson@be-law.com
2  DONALD P. GAGLIARDI, State Bar No. 138979
   dgagliardi@be-law.com
3  MARC G. VAN NIEKERK, State Bar No. 201329
   mvanniekerk@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  MARK C. HANSEN, *pro hac vice*
   mhansen@khhte.com
8  J.C. ROZENDAAL, *pro hac vice*
   jrozendaal@khhte.com
9  KELLOGG, HUBER, HANSEN, TODD,
     EVANS & FIGEL, PLLC
10 Sumner Square
   1615 M Street, NW, Suite 400
11 Washington, DC 20036
   Telephone: (202) 326-7900
12 Facsimile: (202) 326-7999

13 Attorneys for Defendant

14                UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                    SAN JOSE DIVISION

17

18 ASUSTEK COMPUTER INC. and ASUS          No. C 07-01942-PVT
   COMPUTER INTERNATIONAL,
19                                         **DECLARATION OF
                                           HIROSHI KATSUYAMA**
                        Plaintiffs,
20      vs.

21 RICOH COMPANY, LTD.,                    **Hearing:    July 17, 2007**
                                           **Time:       10:00 a.m.**
                                           **Dept.:      Courtroom 5**
22                      Defendant.         **Judge:      Honorable Patricia V. Trumbull**

23

24

25

26

27

28

                    DECLARATION OF HIROSHI KATSUYAMA
                            C-07-01942-PVT

## DECLARATION OF HIROSHI KATSUYAMA

1.      I am Hiroshi Katsuyama, Manager, LSL Center, Personal Multimedia Products Company, Ricoh Company, Ltd. ("Ricoh"). My office is at Ricoh's Shin-yokohama Building, 3-2-3 Shin-yokohama Kohoku-ku, Yokohama 222-8530 Japan. My testimony herein is based on my personal knowledge, gained in my employment at Ricoh, including inquiries and investigations of Ricoh's books and records that I specially made in order to prepare this declaration. I am competent to testify as to the matters herein and would so testify if called upon as a witness.

2.      Ricoh is a Japanese corporation. Its principal place of business is in Japan and its corporate headquarters is Ricoh Building, 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222 Japan.

3.      Ricoh does not have offices, bank accounts, property, or employees located in California.

4.      Ricoh has established no telephone listing or mailing address in California.

5.      None of Ricoh's officers or directors are domiciled in California and none of its board meetings have been held in California.

6.      Ricoh does not have an agent for service of process in California.

7.      Ricoh's employees do not regularly travel to California to conduct business.

8.      Ricoh does not direct any of its advertising specifically toward California. Ricoh does not target print, radio, TV, or Internet advertising toward California. Ricoh's Internet web site is passive, not interactive.

9.      Ricoh does not take orders in California or solicit business in California.

10.     Ricoh does not import goods into California.

11.     Ricoh is not incorporated in California. It is not licensed or registered to do business in California. It does not pay taxes in California. It does not have an agent for service of process in California.

12.     Ricoh does not have customers in California. It does not sell to persons or companies in California. Ricoh does not maintain a sales force in California.

13.     Ricoh does not use any state insurance system of California.

14.    Ricoh Americas Corporation, a subsidiary of defendant Ricoh and a corporate successor to former subsidiary Ricoh Corporation, has customers in and contacts with California for products unrelated to this litigation (which involves optical disc drives).    Ricoh Americas Corporation has its corporate headquarters and principal place of business in West Caldwell, NJ.  It sells printers, copiers, facsimile machines, and other equipment to customers in the United States, including in California; it is not in the optical disc drive or patent licensing business.  Ricoh Americas Corporation is an independent corporation from Ricoh, its corporate parent.    Ricoh Americas Corporation has its own directors and officers; holds its own regular corporate meetings; keeps its own books, records, and corporate minutes; and independently conducts its business.    Ricoh Americas Corporation maintains its own bank accounts and employs its own employees.  Ricoh does not treat Ricoh Americas Corporation's property as its own, nor does Ricoh Americas Corporation treat Ricoh's property as its own.  Ricoh does not control the day-to-day operations or business decisions of Ricoh Americas Corporation; Ricoh Americas Corporation itself controls its day-to-day operations and business decisions.

15.    Ricoh Americas Corporation purchases products from Ricoh in Japan and imports them into the United States, where Ricoh Americas Corporation markets and distributes them to Ricoh Americas Corporation's customers in the United States.  Sales and other business transactions between Ricoh Americas Corporation and Ricoh are carried out as arms-length transactions and the two corporations deal with one another as separate corporate entities.  Ricoh Americas Corporation has primary and exclusive responsibility for the distribution, marketing, and sale of the products it markets.

16.    Ricoh Americas Corporation performs for Ricoh the function of marketing and distributing products in the United States, as well as importing them.  However, Ricoh could select an independent, non-subsidiary company or companies to perform these same functions for Ricoh.  For some products, and in some instances, Ricoh in fact has at times selected independent, non-subsidiary companies to perform the functions of importing, marketing, and/or distribution for Ricoh.

17.    Ricoh has other U.S. subsidiaries that have contacts with California. These are: Ricoh

Silicon Valley, Inc., Cupertino, CA, which is engaged in development and marketing of products unrelated to optical disc drives; Ricoh Electronics, Inc., Tustin, CA, which markets office equipment; and Ricoh Innovations, Inc., Menlo Park, CA, which is engaged in basic and applied research and development (not relating to optical disc drives) and venture capital financing. They each enjoy a relationship with Ricoh that is the same as or is comparable to that which is described above for Ricoh and Ricoh Americas Corporation, in paragraphs 14 to 16, and Ricoh could select independent, non-subsidiary companies to perform these same functions for Ricoh.

18.     The litigation in the Western District of Wisconsin between Ricoh and ASUS involves technology for optical disc drives. Neither Ricoh nor any of its subsidiaries sells optical disc drives in California or elsewhere in the United States, or for that matter anywhere in the world.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct. Executed at Shin-Yokohama, Japan, on May 17, 2007.

_____
Hiroshi Katsuyama