1  RONALD S. LEMIEUX (SBN 120822)
   ronlemieux@paulhastings.com
2  VIDYA R. BHAKAR (SBN 220210)
   vidbhakar@paulhastings.com
3  SHANÉE Y. WILLIAMS (SBN 221310)
   shaneewilliams@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   Five Palo Alto Square, Sixth Floor
5  Palo Alto, CA  94306-2155
   Telephone:  (650) 320-1800
6  Facsimile:  (650) 320-1900

7  Attorneys for Plaintiffs
   ASUSTEK COMPUTER INC. AND
8  ASUS COMPUTER INTERNATIONAL

9  (For additional counsel see next page)

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>   Plaintiff,<br><br>  v.<br><br>RICOH COMPANY, LTD.,<br><br>   Defendant. | CASE NO. C 07-01942-MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT                    -1-                    CASE NO. C 07-01942-MHP

| | |
|---|---|
| 1 | DANIEL J. BERGESON (SBN 105439) |
| 2 | dbergeson@be-law.com<br>DONALD P. GAGLIARDI (SBN 138979) |
| 3 | dgagliardi@be-law.com<br>MARC G. VAN NIEKERK (SBN 201329) |
| 4 | mvanniekerk@be-law.com<br>BERGESON, LLP |
| 5 | 303 Almaden Boulevard, Suite 500 |
| 6 | San Jose, CA 95110-2712<br>Telephone: (408) 291-6200 |
| 7 | Facsimile: (408) 297-6000 |
| 8 | MARK C. HANSEN, *pro hac vice* |
| 9 | mhansen@khhte.com<br>J.C. ROZENDAAL, *pro hac vice* |
| 10 | jrozendaal@khhte.com<br>RICHARD H. STERN, *pro hac vice* |
| 11 | rstern@khhte.com<br>MICHAEL E. JOFFRE, *pro hac vice* |
| 12 | mjoffre@khhte.com<br>KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC |
| 13 | Sumner Square<br>1615 M Street, NW, Suite 400 |
| 14 | Washington, DC 20036 |
| 15 | Telephone: (202) 326-7900<br>Facsimile: (202) 326-7999 |
| 16 | |
| 17 | Attorneys for Defendant<br>RICOH COMPANY, LTD. |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

JOINT CASE MANAGEMENT
CONFERENCE STATEMENT            -2-            CASE NO. C 07-01942-MHP

Pursuant to Civil L.R. 16-9(a), the parties to the above entitled action certify that they met and conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, on August 15, 2007, to develop a proposed discovery plan. Accordingly, the parties to the above-entitled action submit this Joint Preliminary Case Management Conference Statement.

**1.      Jurisdiction and Service:**

**Plaintiff's Statement:**

ASUSTEK has alleged that this Court has jurisdiction over all claims for declaratory judgment of patent non-infringement and invalidity pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning patents, 35 U.S.C. §§ 1 *et seq.* ASUSTEK has further alleged that personal jurisdiction over RICOH is proper in this Court because RICOH has continuous, systematic, and substantial contacts with the State of California. On information and belief, RICOH sells, offers to sell, imports, repairs, and services products in California, including the Northern District of California. Upon further information and belief, RICOH has participated as a party in the past, and is currently a party in other actions that are now pending, in the Northern District of California. Furthermore, this Court has already determined that RICOH "maintains a significant business presence in the forum (sales, manufacturing, and R&D)." *See* Document 41 filed in Civil Action No. 3:03-cv-02289-MJJ (Sept. 22, 2003).

Venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b), 1391(c), and 1391(d).

Shortly after this action was filed in April, 2007, RICOH's outside counsel (the same counsel used by RICOH in the prior WISCONSIN ACTION) refused to accept service unless RICOH was given an extension until October 2007 to respond. Believing this extension to be excessive, ASUSTEK proceeded to serve RICOH via international registered mail pursuant to Rule 4(f)(2)(c)(ii). In a letter dated April 25, 2007, RICOH acknowledged receiving and reviewing the Complaint, but purported to reject service. The Ninth Circuit has permitted service to foreign entities via international registered mail. *See e.g.*, *Brockmeryer v. May*, 383 F.3d 798 (9th Cir. 2004). RICOH has filed a motion challenging ASUSTEK's service of the summons,

1 | hoping to further delay these proceedings.

2 | **Defendant's Statement:**

3 | RICOH has yet to be effectively served with the complaint in this matter. ASUSTEK's counsel rejected an offer by RICOH's counsel to accept service in exchange for an extension of time in which to respond to the complaint. The only way in which ASUSTEK has attempted to serve RICOH is by sending a copy of the complaint via Federal Express to Shin-Yokohama, Japan. Service of process on foreign entities via international mail is not permitted where such service is inconsistent with the law of the foreign country where service is to be effected. Fed. R. Civ. P. 4(f)(2)(C)(ii). This Court has previously ruled (in a case decided *after* the *Brockmeyer* case invoked by ASUSTEK) that service by mail is contrary to Japanese Law and ineffective to bring a Japanese party before this Court. *See Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co.*, No. C-04-3627, 2005 WL 628034 (N.D. Cal. Mar. 17, 2005) (granting motion to dismiss for insufficient service of process where complaint was served by mail on Japanese defendant). In order to effect lawful service on RICOH, ASUSTEK is required to comply with the method of service prescribed in the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Feb. 10, 1969, 20 U.S.T. 361, 362 ("the Hague Convention") – something that ASUSTEK has failed to do, even though the suit was filed nearly five months ago.

RICOH is a Japanese company with its principal place of business in Japan; RICOH denies that it is subject to either specific or general jurisdiction in this judicial district. (RICOH respectfully notes with regard to Civil Action No. 3:03-cv-02289-MJJ, cited by ASUSTEK, that no final judgment was ever entered in that case; that the case is still pending before this Court, and that RICOH has not yet had an opportunity to seek review of any aspect of that case.) . Because RICOH is not subject to personal jurisdiction in this district, venue is not proper in this district. RICOH has submitted a motion to dismiss this action based on lack of service of process and lack of personal jurisdiction, or, in the alternative to stay or transfer the action to the Western District of Wisconsin.

RICOH acknowledges that this Court has subject matter jurisdiction over declaratory

judgment actions concerning the validity and infringement of U.S. patents.

**2.     Facts:**

ASUSTEK filed this action for Declaratory Judgment of Non-infringement and Invalidity of United States Patent Nos. 5,063,552, 6,172,955, 6,631,109, and 6,661,755 (the "PATENTS-IN-SUIT) on April 5, 2007. The PATENTS-IN-SUIT describe technologies relating to optical storage devices. RICOH is the owner of record of the PATENTS-IN-SUIT by assignment.

On August 24, 2006, RICOH filed the prior WISCONSIN ACTION. Therein, RICOH alleged that ASUSTEK "participated in a stream of commerce" between Taiwan, China and the United States, including Wisconsin, whereby ASUSTEK used "purposefully selected" intermediaries and distribution channels to manufacture or cause to be manufactured and shipped into the United States, including Wisconsin, optical storage devices that allegedly infringe certain claims of the PATENTS-IN-SUIT.

On January 18, 2007, ASUSTEK filed a Motion to Dismiss the WISCONSIN ACTION for lack of personal jurisdiction over ASUSTEK on the grounds that the Wisconsin Long Arm Statute was inapplicable as against ASUSTEK and the exercise of personal jurisdiction over ASUSTEK would violate due process.

On April 3, 2007, the United States District Court for the Western District of Wisconsin, J. Crabb presiding, issued an Opinion and Order dismissing the WISCONSIN ACTION against ASUSTEK.

On May 18, 2007, the court in Wisconsin entered final judgment pursuant to Fed. R. Civ. P. 54(b) on the issue of personal jurisdiction over ASUSTEK. RICOH filed a timely notice of appeal to the Federal Circuit, where the case was docketed as No. 2007-1374. RICOH filed its opening brief on July 30, 2007. ASUSTEK's brief in opposition is due September 11, 2007, and RICOH's reply is due on or about September 25, 2007.

On August 22, 2007, the Court in the WISCONSIN ACTION entered summary judgment against RICOH on all patents and all claims remaining against the other defendants in the WISCONSIN ACTION. RICOH has indicated that it intends to appeal that summary judgment Order and the subsequent Final Judgment entered against RICOH.

**3.     Legal Issues:**

The parties agree that the legal issues for determination include: the proper construction of the claims of the PATENTS-IN-SUIT; whether the PATENTS-IN-SUIT are valid, and whether the PATENTS-IN-SUIT are infringed. RICOH also challenges whether it has been properly served with the action in this District and whether it is subject to personal jurisdiction in this District.

**4.     Motions:**

This case was initially assigned to the San Jose division of the United States District Court for the Northern District of California. In response to the Complaint, RICOH filed a Notice of Non-Consent to the assignment of this case to Magistrate Judge Patricia Trumbull, and a Motion to Dismiss for Insufficient Service, to Stay Pending Appeal, To Transfer Under § 1404(a), to Decline to Entertain Declaratory Judgment Jurisdiction, and to Dismiss for Lack of Personal Jurisdiction. After the case was reassigned, RICOH re-noticed the motion for a time to be determined at the Case Management Conference. *See* Docket No. 25 (filed July. 24, 2007).

**5.     Amendment of Pleadings:**

ASUSTEK anticipates amending its Complaint to assert that RICOH is collaterally estopped from asserting United States Patent No. 6,631,109 for the reasons set forth in Paragraph 10 below. Furthermore, ASUSTEK reserves the right to make additional amendments should such amendments become necessary. RICOH has not yet filed an answer, so consideration of amendments to the answer would be premature.

**6.     Evidence Preservation:**

Counsel for the parties have discussed the implementation of appropriate steps to preserve evidence and each party has undertaken efforts to preserve any relevant evidence.

**7.     Disclosures:**

The parties have agreed to serve their initial disclosures on September 26, 2007. The parties do not anticipate any reason to otherwise change the timing for or requirement of any disclosures under Rule 26(a).

///

**8.     Discovery:**

To date, the parties have not conducted any discovery in the instant action. The parties agree that discovery will be needed on the issues raised by the pleadings, specifically including the following topics:

- The proper construction of the claims of the patents in suit;
- Whether the patents-in-suit are valid;
- Whether the patents-in-suit are infringed; and
- Whether ASUSTEK's manufacture and sale of certain accused products is covered by agreements between RICOH and Pioneer Electronics Corporation of Japan.

The parties anticipate that discovery related to these topics will be completed by September 8, 2008. The parties agree that discovery should not be conducted in phases or focused upon particular issues.

The parties agree that each side shall be limited to taking 100 hours of deposition testimony in English. Further, the parties agree that in calculating the amount of deposition testimony, 10 hours of translated testimony shall count as 7 hours of deposition testimony in English.

While the parties anticipate that the discovery limits set forth above will be adequate to permit them to prepare their respective cases, neither party waives and each party expressly reserves the right to seek modification by the Court for good cause shown, of the agreements set forth herein.

ASUSTEK's proposed discovery plan is attached hereto as Exhibit A. RICOH respectfully submits discovery should be stayed and that no schedule for the case should be set until this Court has ruled on RICOH's pending motion to dismiss for insufficient service of process.

**9.     Class Actions:**

This is not a class action.

**10.     Related Cases:**

This action for Declaratory Judgment follows a Complaint for Patent Infringement that

RICOH filed in the Western District of Wisconsin titled *Ricoh Company Ltd. v. Asustek Computer Inc. et al.*, Civil Action No. 06-C-0462-C (the "WISCONSIN ACTION"). In the WISCONSIN ACTION, RICOH alleged that ASUSTEK manufactures, markets, sells, and offers for sale products that infringe certain claims of the PATENTS-IN-SUIT. On April 3, 2007, the WISCONSIN ACTION was dismissed as to ASUSTEK for lack of personal jurisdiction without prejudice. RICOH filed an appeal of the dismissal of ASUSTEK in the United States Court of Appeals for the Federal Circuit, No. 2007-1374. ASUSTEK's opposition brief on appeal is due on September 11, 2007.

At the time the instant action was filed, the WISCONSIN ACTION was still pending against other defendants, including Quanta Computer Inc., Quanta Storage Inc., Quanta Computer, USA, Inc., New Universe Technology, Inc., and Nu Technology, Inc. On August 22, 2007, Judge Crabb granted summary judgment in favor of the remaining defendants, finding the asserted claims of United States Patent No. 6,631,109 invalid for obviousness; that U.S. Patent No. 6,172,955, as construed by that court, was not infringed by the Quanta defendants, and further finding as to United States Patent Nos. 5,063,552 and 6,661,755, that RICOH failed to "adduce evidence that defendants engaged in acts necessary to support a finding in its favor for any of the three theories of infringement under 35 U.S.C. § 271." Docket No. 300, at 2. ASUSTEK asserts that RICOH is collaterally estopped from asserting the patent found to be invalid in the WISCONSIN ACTION. RICOH intends to appeal the Wisconsin court's ruling and notes that until all appeals have been completed, the Wisconsin court's judgment may not properly be given claim-preclusive or issue-preclusive effect.

**11.    Relief:**

ASUSTEK seeks a declaration that its products have not infringed and do not infringe any of the asserted claims of any PATENT-IN-SUIT; a declaration that each asserted claim of the PATENTS-IN-SUIT is invalid; a permanent injunction enjoining RICOH, its respective officers, agents, servants, employees, attorneys and all persons and entities acting in concert with any of them from making any claim to any person or entity that ASUSTEK's products infringe any claim of the PATENTS-IN-SUIT; a permanent injunction enjoining RICOH, its respective

officers, agents, servants, employees, attorneys and all persons and entities acting in concert with any of them from interfering with or threatening to interfere with, the manufacture, sale, license or use of ASUSTEK's products by ASUSTEK, its distributors, customers, licensees, successors or assigns and others; a permanent injunction enjoining RICOH, its respective officers, agents, servants, employees, attorneys and all persons and entities acting in concert with any of them from instituting or prosecuting any lawsuit or proceeding, or placing in issue the right of ASUSTEK, its distributors, customers, licensees, successors or assigns and others to make, use, sell, offer to sell or import ASUSTEK's products; a declaration that the present action is an exceptional case under 35 U.S.C. § 285 and award ASUSTEK its attorneys' fees, costs and expenses incurred in connection with this action; and any other relief the Court deems just and proper.

RICOH has filed a Motion to Dismiss for Insufficient Service, to Stay Pending Appeal, to Transfer Under § 1404(a), to Decline to Entertain Declaratory Judgment Jurisdiction, and to Dismiss for Lack of Personal Jurisdiction.

**12. Settlement and ADR:**

ASUSTEK has proposed that the parties submit to an early mediation or judicial settlement conference of the claims at issue. ASUSTEK offered to do this in the WISCONSIN ACTION, but RICOH declined.

RICOH is not opposed to ADR at an appropriate time but submits that it would be premature to consider a schedule for ADR before the Court has ruled on RICOH's pending motion to dismiss for insufficient service of process.

**13. Consent to Magistrate Judge for All Purposes:**

RICOH has not agreed to consent to a magistrate judge for all purposes.

**14. Other References:**

The parties agree that this case is not suitable for reference to binding arbitration or a special master.

**15. Narrowing of Issues:**

The parties have not identified any issues that can be narrowed by agreement or motion at

1 | this time.

2 | **16.** **Expedited Schedule:**

3 | The parties agree that this case is not appropriate for expedited scheduling.

4 | **17.** **Scheduling:**

5 | ASUSTEK's proposed discovery plan, which includes dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial is attached hereto as Exhibit A.

8 | RICOH respectfully submits discovery should be stayed and that no schedule for the case should be set until this Court has ruled on RICOH's pending motion to dismiss for insufficient service of process.

11 | **18.** **Trial:**

12 | ASUSTEK has demanded a jury for the trial of this action.

13 | **19.** **Disclosure of Non-party Interested Entities or Persons:**

14 | ASUSTEK filed the "Certification of Interested Entities or Persons" contemporaneously with the filing of its Complaint on April 5, 2007. The content of ASUSTEK's statement is as follows: "Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

18 | RICOH has likewise filed a certification on September 4, 2007 stating the names of the members of its board of directors, in accordance with Civil L.R. 3-16.

20 | ///
21 | ///
22 | ///

**20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

(a)    Electronically Stored Information

The parties agree that relevant information is likely to be electronically stored, and agree to endeavor to produce electronically stored financial records and computer source code in its native format, where practicable. To the extent information cannot be produced in its native format, the parties agree to produce such information in searchable .tiff or . pdf format accompanied by an appropriate Concordance or Summation load file, as the parties may request.

(b)    Protection of Privilege and Work Product

The parties agree to incorporate the following provision into a Stipulated Protective Order governing the production of sensitive materials:

> Inadvertent or unintentional production of privileged documents shall not constitute a waiver of the attorney-client privilege or attorney work product doctrine as they apply to those documents specifically or the subject matter of those documents generally. If a party produces documents that it believes should have been withheld as privileged, such party shall provide a written request for the return of those documents within a reasonable time after having actual knowledge that said documents have been produced. The receiving party must then return those documents, along with any copies thereof, to the producing party within ten (10) calendar days of receiving such notice. The receiving party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting in camera review of the documents in question.

(c)    Other Orders That Could Be Entered By the Court under Rule 26(c) or Rule 16(b) and (c).

Each of the parties believes that information relevant to the pleadings herein is of a highly confidential nature relating to their respective enterprises. Accordingly, the parties will seek entry of a Stipulated Protective Order governing the disclosure of such information.

| | | |
|---|---|---|
| 1 | DATED: September 4 2007 | Respectfully submitted, |
| 2 | | |
| 3 | | By:   /s/ |
| 4 | | Ronald S. Lemieux<br>Vidya R. Bhakar<br>Shanée Y. Williams |
| 5 | | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 6 | | Attorneys for Plaintiffs<br>ASUSTEK COMPUTER INC. and |
| 7 | | ASUS COMPUTER INTERNATIONAL |
| 8 | DATED: September 4, 2007 | Respectfully submitted, |
| 9 | | |
| 10 | | By:   /s/ |
| 11 | | Daniel J. Bergeson<br>Donald P. Gagliardi<br>Marc G. Van Niekerk |
| 12 | | BERGESON, LLP |
| 13 | | Mark C. Hansen<br>J.C. Rozendaal |
| 14 | | Richard H. Stern<br>Michael E. Joffre |
| 15 | | KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC |
| 16 | | |
| 17 | | Attorneys for Defendant<br>RICOH COMPANY, LTD. |
| 18 | | |

**EXHIBIT A**

JOINT CASE MANAGEMENT
CONFIGURATION STATEMENT        -13-                    CASE NO. C 07-01942-MHP

# EXHIBIT A

## Proposed Case Discovery Plan[1]

| Event | Asustek's Proposed Date |
|---|---|
| Case Management Conference | September 10, 2007 |
| Initial Disclosures | September 26, 2007 |
| Parties May Serve Discovery | October 15, 2007 |
| Mediation/Settlement Conference | October 22, 2007 |
| Parties to Exchange Proposed Terms and Claim Elements for Construction | February 22, 2008 |
| Parties to Exchange Preliminary Claim Constructions and Extrinsic Evidence | March 14, 2008 |
| Parties to file Joint Claim Construction and Prehearing Statement | April 11, 2008 |
| Deadline to Complete Claim Construction Discovery | May 12, 2008 |
| Deadline to File Opening Claim Construction Brief | July 14, 2008 |
| Deadline to File Responsive Claim Construction Brief | July 28, 2008 |
| Deadline to File Reply in Support of Claim Construction Brief | August 4, 2008 |
| Tutorial | Week of August 11, 2008 |
| Claim Construction Hearing | Week of August 18, 2008 |
| Fact Discovery Cut-Off | September 30, 2008 |
| Expert Disclosures | November 3, 2008 |
| Rebuttal Expert Disclosures | November 17, 2008 |
| Expert Discovery Cutoff | December 19, 2008 |
| Deadline to file Dispositive Motions and *Daubert* Motions | January 16, 2009 |
| Parties to Identify Trial Witnesses and Trial Exhibits | January 30, 2009 |
| Parties to file Motions *in limine* | February 27, 2009 |
| Pretrial Conference | March 9, 2009 |
| Jury Selection | March 10, 2009 |
| Trial | March 11, 2009 |

LEGAL_US_W # 56999488.1

---

[1] The parties reserve the right to modify these deadlines to accommodate Patent L.R. 3-5 should it become necessary.