DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
MARC G. VAN NIEKERK, State Bar No. 201329
mvanniekerk@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN, *pro hac vice*
mhansen@khhte.com
J.C. ROZENDAAL, *pro hac vice*
jrozendaal@khhte.com
RICHARD H. STERN, *pro hac vice*
rstern@khhte.com
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Counsel for Defendant Ricoh Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>RICOH COMPANY, LTD.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C07-01942-MHP<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Defendant Ricoh Company, Ltd. ("Ricoh"), by and through its undersigned counsel, files this Answer to the Complaint herein by ASUSTeK Computer Inc. and ASUS Computer International (collectively, "ASUSTEK").

## INTRODUCTION

1. Admitted that this action concerns the validity and infringement of the following four United States Patents that Ricoh owns by assignment: U.S. Patent No. 5,063,552 ("the '552 patent"); U.S. Patent No. 6,172,955 ("the '955 patent"); U.S. Patent No. 6,631,109 ("the '109 patent"); and U.S. Patent No. 6,661,755 ("the '755 patent") (collectively, the "Patents-in-Suit").

2. Admitted, except that the patent infringement complaint filed by Ricoh in the Western District of Wisconsin titled *Ricoh Company Ltd. v. Asustek Computer Inc. et al.*, Civil Action No. 06-C-0462-C (the "Wisconsin Action"), no longer is pending in that court. The court granted summary judgment against Ricoh, which filed a notice of appeal. That appeal is pending in the Federal Circuit.

3. Denied.

4. Admitted that paragraph 4 of the Complaint sets forth the relief requested by ASUSTEK.

## THE PARTIES

5. Admitted.

6. Admitted.

7. Admitted.

## JURISDICTION

8. Admitted.

9. Denied, except that it is admitted that Ricoh has participated as a party in the past, and is currently a party in other actions that are now pending, in the Northern District of California.

## VENUE

10. Denied with respect to 28 U.S.C. § 1391(b) & (c); admitted with respect to 28 U.S.C. § 1391(d).

## FACTUAL BACKGROUND

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted that ASUSTEK filed a motion to dismiss the Wisconsin Action on January 18, 2007. Ricoh respectfully directs the Court to the motion in question for a complete and accurate statement of its contents.

19. Admitted.

### COUNT I

20. The responses in paragraphs 1-19 are repeated as though set forth in full herein.

21. Denied.

22. Denied.

23. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the validity of the '552 patent.

24. Denied.

### COUNT II

25. The responses in paragraphs 1-19 are repeated as though set forth in full herein.

26. Denied.

27. Denied.

28. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the infringement of the '552 patent.

29. Denied.

### COUNT III

30. The responses in paragraphs 1-19 are repeated as though set forth in full herein.

31. Denied.

32. Denied.

33. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the validity of the '955 patent.

34. Denied.

**COUNT IV**

35. The answers in paragraphs 1-19 are repeated as though set forth in full herein.

36. Denied.

37. Denied.

38. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the infringement of the '955 patent.

39. Denied.

**COUNT V**

40. The responses in paragraphs 1-19 are repeated as though set forth in full herein.

41. Denied.

42. Denied.

43. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the validity of the '109 patent.

44. Denied.

**COUNT VI**

45. The responses in paragraphs 1-19 are repeated as though set forth in full herein.

46. Denied.

47. Denied.

48. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the infringement of the '109 patent.

49. Denied.

**COUNT VII**

50. The responses in paragraphs 1-19 are repeated as though set forth in full herein.

51. Denied.

52. Denied.

53. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the validity of the '755 patent.

54. Denied.

**COUNT VIII**

55. The responses in paragraphs 1-19 are repeated as though set forth in full herein.

56. Denied.

57. Denied.

58. Denied, except that Ricoh admits that there exists a controversy between ASUSTEK and Ricoh as to the infringement of the '755 patent.

59. Denied.

## COUNTERCLAIMS

Ricoh complains of ASUSTEK as follows, and demands a jury trial of all issues so triable.

### THE PARTIES

60. On information and belief, ASUSTeK Computer Inc. is a Taiwanese company with its principal place of business in Taiwan.

61. On information and belief, ASUS Computer International is a California company with its principal place of business in Fremont, California. (Counterclaim Defendants ASUSTeK Computer Inc. and ASUS Computer International will be referred to hereinafter collectively as "ASUSTEK").

62. Ricoh Company, Ltd., is a Japanese company with its principal place of business in Japan.

### JURISDICTION AND VENUE

63. The present counterclaims for patent infringement arise under the laws of the United States, including 35 U.S.C. § 271. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

64. This Court has personal jurisdiction over ASUSTEK and venue is proper in this judicial district by reason, *inter alia*, of ASUSTEK's instituting the present lawsuit before this Court in this judicial district.

### COUNT I – Infringement of the '552 Patent

65. Ricoh realleges and incorporates by reference the allegations of paragraphs 60-64.

66. On November 5, 1991, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent No. 5,063,552 ("the '552 patent"), which Ricoh has owned at all times since then.

67. AUSTEK has appropriated the invention and sold or offered for sale optical disk

drives embodying it. ASUSTEK has been and still is infringing the foregoing patent by doing the following things, among others:

    (a)     making or causing to be made optical storage devices that embody the patented system and perform the patented method as part of their normal and intended operation, shipping such devices, or causing them to be shipped, to the United States, and importing such devices, or causing them to be imported, into the United States, in violation of 35 U.S.C. § 271(a);

    (b)     offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);

    (c)     contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

    (d)     actively inducing infringement of the patented system and patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

    (e)     aiding and abetting other persons to infringe and cause infringement of the patent.

68. Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, ASUSTEK will continue its infringement, irreparably injuring Ricoh.

69. Ricoh has demanded of ASUSTEK that it pay Ricoh a royalty or else desist from the infringing use of the invention, but ASUSTEK has failed and refused to do either.

### COUNT II – Infringement of the '955 Patent

70. Ricoh realleges and incorporates by reference the allegations of paragraphs 60-64.

71. On January 9, 2001, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent No. 6,172,955 ("the '955 patent"), which Ricoh has owned at all times since then.

72. ASUSTEK has appropriated the invention and sold or offered for sale optical disk drives embodying it. ASUSTEK has been and still is infringing the foregoing patent by doing the following things, among others:

(a) making or causing to be made optical storage devices that embody the patented system and perform the patented method as part of their normal and intended operation, shipping such devices, or causing them to be shipped, to the United States, and importing such devices, or causing them to be imported, into the United States, in violation of 35 U.S.C. § 271(a);

(b) offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);

(c) contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

(d) actively inducing infringement of the patented system and patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

(e) aiding and abetting other persons to infringe and cause infringement of the patent.

73. Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, ASUSTEK will continue its infringement, irreparably injuring Ricoh.

74. Ricoh has demanded of ASUSTEK that it pay Ricoh a royalty or else desist from the infringing use of the invention, but ASUSTEK has failed and refused to do either.

## COUNT III – Infringement of the '109 Patent

75. Ricoh realleges and incorporates by reference the allegations of paragraphs 60-64.

76. On October 7, 2003, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent No. 6,631,109 ("the '109 patent"), which Ricoh has owned at all times since then.

77. ASUSTEK has appropriated the invention and sold or offered for sale optical disk drives embodying it. ASUSTEK has been and still is infringing the foregoing patent by doing the following things, among others:

(a) making or causing to be made optical storage devices that embody the patented system and perform the patented method as part of their normal and intended

(continued)

operation, shipping such devices, or causing them to be shipped, to the United States, and importing such devices, or causing them to be imported, into the United States, in violation of 35 U.S.C. § 271(a);

(b) offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);

(c) contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);

(d) actively inducing infringement of the patented system and patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and

(e) aiding and abetting other persons to infringe and cause infringement of the patent.

78. Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, ASUSTEK will continue its infringement, irreparably injuring Ricoh.

79. Ricoh has demanded of ASUSTEK that it pay Ricoh a royalty or else desist from the infringing use of the invention, but ASUSTEK has failed and refused to do either.

**COUNT IV – Infringement of the '755 Patent**

80. Ricoh realleges and incorporates by reference the allegations of paragraphs 60-64.

81. On December 9, 2003, the United States Patent and Trademark Office duly and legally issued to Ricoh U.S. Patent 6,661,755 ("the '755 patent"), which Ricoh has owned at all times since then.

82. ASUSTEK has appropriated the invention and sold or offered for sale optical disk drives embodying it. ASUSTEK has been and still is infringing the foregoing patent by doing the following things, among others:

(a) making or causing to be made optical storage devices that perform the patented method as part of their normal and intended operation, shipping such devices, or causing them to be shipped, to the United States, and importing such devices, or

1  causing them to be imported, into the United States, in violation of 35
2  U.S.C. § 271(a);
3  (b) offering to sell and selling such devices, or causing them to be offered for sale and sold, in the United States, including, without limitation, in this district, in violation of 35 U.S.C. § 271(a);
4  (c) contributing to infringement of the patent by selling such devices, knowing them to be specially adapted for practicing the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, and knowing of the aforesaid patent, in violation of 35 U.S.C. § 271(c);
5  (d) actively inducing infringement of the patented method by knowingly selling such devices, and in advertising and promotional materials knowingly advising and urging customers to use the patented invention, in violation of 35 U.S.C. § 271(b); and
6  (e) aiding and abetting other persons to infringe and cause infringement of the patent.

83. Such infringement has injured and damaged Ricoh. Unless enjoined by this Court, ASUSTEK will continue its infringement, irreparably injuring Ricoh.

84. Ricoh has demanded of ASUSTEK that it pay Ricoh a royalty or else desist from the infringing use of the invention, but ASUSTEK has failed and refused to do either.

**REQUEST FOR RELIEF**

WHEREFORE, Ricoh prays that the Court enter judgment ordering as follows:

A. adjudicating and declaring that ASUSTEK has infringed, actively induced infringement of, and contributorily infringed the foregoing patents;

B. enjoining ASUSTEK from further infringement of the foregoing patents by unauthorized use of the inventions patented therein, by ASUSTEK and its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them;

C. that ASUSTEK account, and pay actual damages (but no less than a reasonable royalty), to Ricoh for ASUSTEK's infringement of the foregoing patents;

D. that ASUSTEK pay treble damages to Ricoh as provided by 35 U.S.C. § 284;

E. that ASUSTEK pay Ricoh's costs, expenses, and prejudgment interest as provided for by 35 U.S.C. § 284;

F.  adjudicating and declaring that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Ricoh should be awarded its reasonable attorneys fees; and

G.  granting Ricoh such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Ricoh demands a jury trial on all issues so triable.

Dated: September 17, 2007                    Respectfully submitted,

/s/ Donald P. Gagliardi

DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
MARC G. VAN NIEKERK, State Bar No. 201329
mvanniekerk@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Mark C. Hansen, *pro hac vice*
mhansen@khhte.com
J.C. Rozendaal, *pro hac vice*
jrozendaal@khhte.com
Richard H. Stern, *pro hac vice*
rstern@khhte.com
KELLOGG, HUBER, HANSEN,
   TODD, EVANS & FIGEL, PLLC
1615 M Street, NW, Suite 400
Washington, DC 20036

*Counsel for Defendant Ricoh Co., Ltd.*