DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
MARC G. VAN NIEKERK, State Bar No. 201329
mvanniekerk@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN, *pro hac vice*
mhansen@khhte.com
J.C. ROZENDAAL, *pro hac vice*
jrozendaal@khhte.com
RICHARD H. STERN, *pro hac vice*
rstern@khhte.com
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Counsel for Defendant Ricoh Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, <br><br> Plaintiffs, <br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. C 07-01942-MHP <br><br> **RICOH'S MOTION FOR A STAY PENDING APPEAL** <br><br> **Hearing:  October 29, 2007** <br> **Time:       2:00 p.m.** <br> **Dept:       Courtroom** <br> **Judge:      Honorable Marilyn Hall Patel** |

1

## NOTICE OF MOTION

2          PLEASE TAKE NOTICE that on October 29, 2007, at 2:00 p.m., or at such other date and

3    time as the Court may order, before the Honorable Marilyn Hall Patel, U.S. District Court Judge,

4    in Courtroom 15 of the above-captioned court, located at 450 Golden Gate Ave., San Francisco,

5    California, defendant Ricoh Company Ltd. ("Ricoh") will and hereby does move to stay this

6    action until the Federal Circuit has decided the appeal of the dismissal on jurisdictional grounds of

7    Ricoh's substantially identical patent infringement case against AsusTek Computer Inc. and

8    ASUS Computer International (collectively, "ASUS") in the Western District of Wisconsin.  This

9    motion is based on the present notice of motion, the accompanying memorandum of points and

10   authorities, the argument of counsel, and the Court's files in this matter, and such additional

11   evidence and argument as may hereinafter be presented.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

At the Case Management Conference on September 10, 2007, the Court ordered the defendant, Ricoh, to file any motions to dismiss for lack of personal jurisdiction or other matters by September 17, 2007.  *See* Docket No. 29 (entered Sept. 11, 2007).[1]  In order to avoid burdening the Court and the parties with collateral issues, Ricoh has elected, for purposes of the present action only, not to contest this Court's exercise of personal jurisdiction over Ricoh.

Ricoh respectfully suggests, however,  that it would conserve judicial resources and be in the best interests of both parties for the Court to briefly stay this action until the Federal Circuit determines whether the first-filed suit between the parties was properly brought in the Western District of Wisconsin.  Therefore, Ricoh respectfully requests a stay until the Federal Circuit issues its decision in that appeal, which is likely to be as early as February or March.  During the stay, Ricoh would continue to participate in mediation and negotiation with ASUS to amicably resolve this dispute.

### BACKGROUND

Ricoh, the defendant in this patent-infringement declaratory judgment action, previously sued ASUS for patent infringement in the Western District of Wisconsin: *Ricoh Company, Ltd. v. AsusTek Computer Inc., ASUS Computer International, Quanta Computer Inc., Quanta Storage Inc., Quanta Computer USA, Inc. and Nu Technology, Inc.*, Case No. 06-C-0462 (the "Wisconsin suit").

With only six months until trial, and after substantial discovery had been conducted in the case, the Wisconsin court granted ASUS's motion to dismiss ASUS from the case for lack of personal jurisdiction.  Ricoh had already deposed ASUS's Rule 30(b)(6) witness on the technical operation of ASUS's drives and  the parties had submitted the opening round of Markman briefing.

---

[1] The Court ordered Ricoh to file its answer concurrently, as well.  *See* Docket No. 29.

1    Ricoh sought and obtained entry of final judgment with respect to ASUS pursuant to

2    Federal Rule of Civil Procedure 54(b), whereupon Ricoh filed a timely notice of appeal.  Ricoh's

3    initial brief in the Federal Circuit was filed on July 30; ASUS filed its response on September 11.

4    Ricoh will file its reply brief by September 28.  Based on this briefing schedule, it is likely that the

5    Federal Circuit will hear argument in the case the first week of December 2007.  Based on the

6    median time for dispositions, it is likely that the Federal Circuit will decide Ricoh's appeal by

7    February or March.[2]

8        In the meantime, the Wisconsin suit proceeded against the remaining defendants ("the

9    Quanta defendants").  On August 22, the Wisconsin court granted the Quanta defendant's motion

10   for summary judgment, finding that the Quanta defendants had not infringed three of the patents at

11   issue and that the asserted claims of the fourth patent at issue were invalid.  Ricoh filed a separate

12   timely notice of appeal from that decision.

13                                    **ARGUMENT**

14       The Court "has broad discretion to stay proceedings as an incident to its power to control

15   its own docket.'"  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Dunham v.*

16   *Environmental Chem. Corp.*, No. C 06-03389, 2007 WL 39317, at *1 (N.D. Cal. Jan. 4, 2007)

17   (same).  This is particularly true in declaratory judgment cases because, with the Declaratory

18   Judgment Act, Congress "created an opportunity, rather than a duty, to grant a new form of relief

19   to qualifying litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  Therefore

20   "[c]onsistent with the nonobligatory nature of the remedy," district courts are given wide latitude

21   in staying declaratory judgment cases.  *Id.*

22       In considering whether to stay a declaratory judgment case, the Supreme Court has

23

24   [2] *See* Gregory A. Castanias, et al., *Survey of the Federal Circuit's Patent Law Decisions in 2006:*
25   *A New Chapter in the Ongoing Dialog with the Supreme Court*, 56 Am. U. L. Rev. 793, 980
     (2007) (finding a median disposition time for the Federal Circuit of 121 days for published
26   opinions; including non-published opinions in the statistic would reduce this number).

27

28

1    directed district courts to "giv[e] regard to conservation of judicial resources and comprehensive

2    disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183

3    (1952).  A stay in the present case would conserve judicial resources.

4          If the Federal Circuit reverses the Wisconsin court, then the case between Ricoh and ASUS

5    would resume in the Western District of Wisconsin.  That case presents substantially identical

6    issues to be resolved as the present action – indeed this declaratory judgment action is a "mirror-

7    image" of Ricoh's suit in Wisconsin.  *See VE Holding Corp. v. Johnson Gas Appliance Co*., 917

8    F.2d 1574, 1583 (Fed. Cir. 1990) ("It has long been held that a declaratory judgment action

9    alleging that a patent is invalid and not infringed–the mirror image of a suit for patent

10   infringement–is governed by the general venue statutes ….").  It is standard practice to dismiss a

11   later-filed declaratory judgment patent action when a normal patent infringement action has been

12   filed earlier in another court.  *See, e.g.*, *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d

13   1263, 1265-66 (Fed. Cir. 1991) (affirming injunction enjoining prosecution of later filed

14   declaratory-judgment action in favor of first filed infringement action).  "The purpose of the [first-

15   filed] rule is to avoid the waste of duplication, to avoid rulings which may trench upon the

16   authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result.

17   It is also intended to foster federal comity." *USA Scientific, LLC v. Rainin Instrument, LLC*, 2006

18   WL 3334927, at *1 (N.D. Cal. Nov. 16, 2006) (citations omitted) (internal quotation marks

19   omitted).   Therefore, if the Federal Circuit reverses the Wisconsin court's dismissal, the

20   Wisconsin case remains the first-filed action, and the present declaratory judgment case should be

21   dismissed.

22         Simply put, if Ricoh prevails at the Federal Circuit, then any action taken in the present

23   case will be duplicative of the litigation that has taken place in Wisconsin – a court that has

24   already invested time and effort in familiarizing itself with the patents, the technology, and the

25   issues germane to the present suit.  In order to avoid such wasteful duplication, Ricoh requests that

26   this case be stayed until the Federal Circuit's decision.  A stay would avoid entangling the parties

27

28

- 4 -

1   in expensive and burdensome international discovery while mediation proceeds and while the

2   Federal Circuit determines whether the parties should return to Wisconsin.

3         Such a stay will cause no prejudice to ASUS.  The Federal Circuit appeal will have already

4   been fully briefed by September 28 and, given the standard pace of dispositions in the Federal

5   Circuit, it is likely that a mandate in the appeal could issue by February or March 2008.  Thus, any

6   delay in this case will be minimal.  *Compare* Docket No. 28, at 14 (filed Sept. 4, 2007) (providing

7   ASUS's proposed schedule with a trial set for March 2009).  Moreover, ASUS cannot plausibly

8   maintain that it will suffer harm from the stay due to any continued uncertainty in its legal rights.

9   ASUS moved to dismiss in the Wisconsin case only months before trial.  The Wisconsin court has

10  already reached the merits of the case with regard to the Quanta defendants.  If ASUS truly wanted

11  to have a court remove any uncertainty regarding its patent infringement, then it could have

12  chosen to remain in Wisconsin, where a trial would already be proceeding (or might have been

13  resolved, along with Quanta's claims, on summary judgment).

14        In sum, proceeding with this case before the Federal Circuit's decision could lead to gross

15  waste of the Court's and the parties' resources.  Additionally, Ricoh will continue to mediate and

16  negotiate with ASUS to amicably resolve this dispute during the stay.  Thus, a stay will not simply

17  freeze the status quo, as the parties may well resolve their dispute with the mediator's help in the

18  meantime.

19                              **CONCLUSION**

20        For the foregoing reasons, Ricoh respectfully requests that this case be stayed pending the

21  appeal of the Wisconsin court's decision on personal jurisdiction to the Federal Circuit.

22

23

24

25

26

27

28

- 5 -

1    Dated: Sept. 17, 2007                 Respectfully submitted,

2                                          /s/ Donald P. Gagliardi

3                                          _____

4                                          DANIEL J. BERGESON, State Bar No. 105439
                                           dbergeson@be-law.com
5                                          DONALD P. GAGLIARDI, State Bar No. 138979
                                           dgagliardi@be-law.com
6                                          MARC G. VAN NIEKERK, State Bar No. 201329
                                           mvanniekerk@be-law.com
7                                          BERGESON, LLP
                                           303 Almaden Boulevard, Suite 500
8                                          San Jose, CA 95110-2712
                                           Telephone: (408) 291-6200
9                                          Facsimile: (408) 297-6000

10                                         MARK C. HANSEN, *pro hac vice*
                                           mhansen@khhte.com
11                                         J.C. ROZENDAAL, *pro hac vice*
                                           jrozendaal@khhte.com
12                                         RICHARD H. STERN, *pro hac vice*
                                           rstern@khhte.com
13                                         KELLOGG, HUBER, HANSEN, TODD,
                                             EVANS & FIGEL, PLLC
14                                         Sumner Square
                                           1615 M Street, NW, Suite 400
15                                         Washington, DC 20036
                                           Telephone: (202) 326-7900
16                                         Facsimile: (202) 326-7999

17                                         *Counsel for Defendant Ricoh Co., Ltd.*

18

19

20

21

22

23

24

25

26

27

28
                                        - 6 -