1  RONALD S. LEMIEUX (SBN 120822)
   ronlemieux@paulhastings.com
2  MICHAEL EDELMAN (SBN 180948)
   michaeledelman@paulhastings.com
3  VIDYA R. BHAKAR (SBN 220210)
   vidbhakar@paulhastings.com
4  SHANÉE Y. WILLIAMS (SBN 221310)
   shaneewilliams@paulhastings.com
5  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   Five Palo Alto Square, Sixth Floor
6  Palo Alto, CA  94306-2155
   Telephone:  (650) 320-1800
7  Facsimile:  (650) 320-1900

8  Attorneys for Plaintiffs
   ASUSTEK COMPUTER INC. AND
9  ASUS COMPUTER INTERNATIONAL

10

11                          UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13                              SAN FRANCISCO DIVISION

14

| 15 | ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, | CASE NO. C 07-01942-MHP |
|---|---|---|
| 16 | Plaintiffs, | **PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S THIRD COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 17 | v. | |
| 18 | RICOH COMPANY, LTD., | |
| 19 | Defendant. | Date:  October 29, 2007<br>Time:  2:00 P.M.<br>Courtroom:  15<br>The Honorable Marilyn H. Patel |

21

22                                **NOTICE OF MOTION**

23     PLEASE TAKE NOTICE that on October 29, 2007, at 2:00 p.m., or at such other date and

24  time as the Court may order, before the Honorable Marilyn Hall Patel, U.S. District Court Judge,

25  in Courtroom 15 of the above-captioned court, located at 450 Golden Gate Avenue, San

26  Francisco, California, plaintiffs ASUSTek Computer Inc. and ASUS Computer International

27  (collectively, "Asustek") will and hereby do move to dismiss the third counterclaim asserted by

28  defendant Ricoh Company Ltd. ("Ricoh") for infringement of Patent No. 6,631,109 ("the '109

PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S THIRD COUNTERCLAIM;                                    CASE NO. C 07-01942-MPH
MEMO. OF POINTS & AUTHORITIES

Patent"). This motion is based on the present notice of motion, the accompanying memorandum of points and authorities, the argument of counsel, and the Court's files in this matter, and such additional evidence and argument as may hereinafter be presented.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Ricoh's third counterclaim for infringement of Patent No. 6,631,109 ("the '109 Patent") must be dismissed because Ricoh is collaterally estopped from asserting this claim. In prior litigation in the Western District of Wisconsin, the court held that the '109 Patent was invalid because it was obvious in light of the prior art. Final judgment against Ricoh in that case has been entered. Under well-established precedent from this circuit and the Federal Circuit, the determination of invalidity by the Western District of Wisconsin estops Ricoh from asserting infringement of the '109 Patent against Asustek or any other alleged infringer.

Apparently, Ricoh has asserted this counterclaim under the mistaken belief that, because it is appealing the judgment of the Western District of Wisconsin, the doctrine of collateral estoppel does not apply. That is incorrect as a matter of law. As explained in this motion, it is well-established in this circuit (and in virtually every other circuit that has addressed the question, including the Federal Circuit) that the pendency of a appeal is legally insufficient to avoid the doctrine of collateral estoppel. Accordingly, the fact that the Wisconsin judgment has been appealed is utterly irrelevant.

Ricoh has also contended that collateral estoppel should not apply because the Wisconsin judgment did not involve all claims of the '109 Patent. However, this argument cannot avoid the fact that the claims that were determined to be invalid by the Wisconsin court (*i.e.*, Claims 1 and 4) were the same claims asserted against Asustek in the prior Wisconsin action and must be dismissed from this action under the doctrine of collateral estoppel. The other patent claims were

---

[1] The parties have submitted a stipulation and proposed order permitting a slightly more expedited briefing schedule on this motion than required by the Local Rules. The parties have stipulated that this motion could be filed on October 1, with the opposition and reply briefs due on October 8 and 15, respectively. [Docket No. 33]

PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S THIRD COUNTERCLAIM;    -2-              CASE NO. C 07-01942-MPH
MEMO. OF POINTS & AUTHORITIES

1  not asserted in Wisconsin, and Asustek is unaware of any good faith basis for Ricoh to assert
2  them in this action.

3  **II.    FACTUAL BACKGROUND**

4  Before the instant action was filed, Ricoh instituted a patent infringement lawsuit in the
5  Western District of Wisconsin against various defendants for infringement of four different
6  patents, including the '109 Patent. Asustek was originally a defendant in the Wisconsin action,
7  but was dismissed from the case on the ground of lack of personal jurisdiction. Once the
8  dismissal was entered in the Wisconsin action as a final judgment, Asustek filed the instant suit.
9  After Asustek was dismissed from the Wisconsin action, Ricoh continued to prosecute its
10 infringement claims against Quanta Computer, Inc. and the other remaining defendants
11 (collectively, the "Quanta Defendants") and appealed the jurisdictional finding regarding Asustek
12 to the Federal Circuit Court of Appeals.

13 The Quanta Defendants brought a motion for summary judgment on Ricoh's infringement
14 claims, contending that each of the patents were either invalid or not infringed. After reviewing
15 the evidence, the Western District of Wisconsin granted the motions by the Quanta Defendants.
16 Request for Judicial Notice, Exh. A. With respect to the '109 Patent, the court stated that the
17 asserted claims of the patent (Claims 1 and 4) appeared to be anticipated by the prior art, but even
18 if they were not anticipated, the inventions were obvious in light of the prior art. *Id*., Exh. A,
19 pp. 3-11. Judgment was entered against Ricoh on August 24, 2007. *Id*., Exh. B. Ricoh recently
20 filed a notice of appeal from that judgment.

21 In the Joint Case Management Statement submitted by the parties to this Court, Asustek
22 pointed out that Ricoh would not be able to assert infringement of the '109 Patent in this case
23 because the judgment in the Wisconsin case estops Ricoh from doing so. [Docket No. 28, p. 8]
24 In response, Ricoh stated that it would not be estopped from asserting such a claim because the
25 judgment will be the subject of an appeal and therefore it "may not properly be given claim-
26 preclusive or issue-preclusive effect." *Id*.

27 On September 20, 2007, Asustek sent a communication to Ricoh explaining that Ricoh
28 was estopped from asserting the '109 Patent in this case. Declaration of Michael Edelman in

PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S THIRD COUNTERCLAIM;        -3-             CASE NO. C 07-01942-MPH
MEMO. OF POINTS & AUTHORITIES

Support of Motion to Dismiss, Exh. A. Asustek explained that, under well-established law, the finding of invalidity of the '109 Patent estopped Ricoh from asserting that patent against any other alleged infringer, including Asustek. *Id.* Asustek further cited case law to demonstrate that, under both Ninth Circuit and Federal Circuit law, the pendency of an appeal cannot legally avoid the application of collateral estoppel. *Id.*

In response, Ricoh stated that it would dismiss the '109 claims on two conditions. Edelman Decl., Exh. B. First, Ricoh stated that it would dismiss the claims without prejudice and not reassert them unless the Federal Circuit reversed or vacated the judgment of invalidity. *Id.* Second, Ricoh stated that "if Ricoh asserted the '109 patent after such vacatur or reversal, ASUS would agree to treat Ricoh's claims on the '109 patent as if they were filed on April 5, 2007, for the purposes of calculating damages." *Id.* In essence, this meant that the '109 claims would be tolled such that Ricoh would be permitted, if the claims were reasserted, to reach back in damages for six years before April 5, 2007. *Id.* On September 28, 2007, Asustek sent a letter accepting the first condition but rejecting the second, explaining that there was no reason why Ricoh should be permitted to toll its damages when it was clear that its infringement claim was barred by the doctrine of collateral estoppel. *Id.*, Exh. C.

## III.   ANALYSIS

### A.   Ricoh Is Barred by Collateral Estoppel from Asserting the '109 Patent.

The doctrine of collateral estoppel requires that Ricoh's claim for infringement of the '109 Patent be dismissed. It is well-established that "'once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel.'" *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999), *citing Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994). Since the relevant claims of the '109 Patent have been determined to be invalid, Ricoh is estopped from asserting those claims against Asustek.

The only exception to the collateral estoppel doctrine is the rare situation in which the patentee can show that it did not have "a full and fair opportunity to litigate." *Pharmicia*, 170

F.3d at 1379. Here, however, Ricoh had a full opportunity to respond to the summary judgment motion by the Quanta Defendants, and in fact submitted a lengthy brief and supporting expert declaration. The Western District of Wisconsin carefully reviewed all the evidence submitted by both sides and came to the conclusion – after analyzing the issue for eight pages in its opinion – that the asserted claims of the '109 Patent were invalid. Accordingly, there is no conceivable basis for Ricoh to argue that it did not have a full and fair opportunity to litigate the validity of the '109 Patent.

In short, the doctrine of collateral estoppel bars Ricoh's infringement claim against Asustek. Therefore, that claim should be dismissed with prejudice.

**B.    Ricoh's Appeal from the Wisconsin Judgment Is Irrelevant for Purposes of Collateral Estoppel.**

Previously in this case, Ricoh took the position that collateral estoppel should not apply because it was appealing the judgment of the Western District of Wisconsin. However, the law is clear that a pendency of a appeal does <u>not</u> avoid the doctrine of collateral estoppel. As the Federal Circuit has stated, "'[T]he law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding.'" *Pharmicia*, 170 F.3d at 1381, *quoting SSIH Equip. S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365, 370 (Fed. Cir. 1983). This rule is also firmly established in the Ninth Circuit. *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988); *see also Williams v. Comm'r*, 1 F.3d 502, 504 (7th Cir. 1993) ("[A] judgment final in the trial court may have collateral estoppel effect even though the loser has not exhausted his appellate remedies").

For instance, in *Pharmicia*, the district court had dismissed the patentee's infringement complaint because a jury had determined that the patent at issue was invalid. On appeal to the Federal Circuit, the patentee disputed the finality of the judgment in the case, and requested that the case be stayed until after its post-trial motions and possible appeal could be determined. *Pharmicia*, 170 F.3d at 1380-81. The Federal Circuit rejected these arguments, finding that the judgment in the prior case had "full collateral estoppel effect" regardless of the fact that the judgment was on appeal. *Id*. at 1381.

PLAINTIFFS' MOTION TO DISMISS
DEFENDANT'S THIRD COUNTERCLAIM;       -5-                    CASE NO. C 07-01942-MPH
MEMO. OF POINTS & AUTHORITIES

1  In short, it is irrelevant for purposes of this motion whether Ricoh is appealing the judgment of the Western District of Wisconsin. Since there is no good faith argument that Ricoh can assert to avoid dismissal of its infringement claim, the instant motion should be granted.

### C. Ricoh Cannot Avoid Dismissal by Relying upon Unasserted Claims.

During the meet and confer leading up to this motion, Ricoh indicated that it did not believe the doctrine of collateral estoppel should apply because the order by the Wisconsin court only addressed Claims 1 and 4 of the '109 Patent (since those were the only asserted claims). However, this argument is a red herring. The fact that other claims exist in the '109 Patent does not change the fact that, with respect to the claims that Ricoh did find suitable for assertion against Asustek, those claims were held invalid. Claims 1 and 4 are the only claims Ricoh could possibly assert in this case. Ricoh cannot avoid dismissal of its claim simply because other claims exist in the '109 Patent which it has no intention of ever asserting.

## IV. CONCLUSION

For all the reasons stated above, Asustek's motion should be granted. Asustek respectfully requests that Ricoh's third counterclaim for infringement of the '109 Patent be dismissed with prejudice.

DATED: October 1, 2007                Respectfully submitted,

RONALD S. LEMIEUX
MICHAEL M. EDELMAN
VIDYA R. BHAKAR
SHANÉE Y. WILLIAMS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:        /s/*Ronald S. Lemieux*
                RONALD S. LEMIEUX

Attorneys for Plaintiffs
ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL

LEGAL_US_W # 57130175.1