# EXHIBIT B

## TO M. EDELMAN'S DECLARATION ISO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S THIRD COUNTERCLAIM

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:
(202) 326-7999

September 27, 2007

**Via Electronic and First Class Mail**

Michael N. Edelman, Esq.
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square
Sixth Floor
Palo Alto, California 94306

Re: *ASUSTeK Computer Inc. v. Ricoh Co., Ltd.*, No. C07-C-01942-MHP (N.D. Cal.)

Dear Mike,

I write in further response to your email dated September 20, 2007, and our telephone conversation of September 24, 2007, concerning the '109 patent in suit.

Ricoh would be willing to agree with ASUS that both parties would drop the '109 patent from the above-referenced California litigation without prejudice, subject to the following two conditions. First, Ricoh would agree not to reassert the '109 patent against ASUS unless the Wisconsin court's ruling on the validity of the '109 patent is reversed or vacated. Second, if Ricoh asserted the '109 patent after such vacatur or reversal, ASUS would agree to treat Ricoh's claims on the '109 patent as if they were filed on April 5, 2007, for the purposes of calculating damages. We believe that this arrangement will enable us to preserve both sides' rights while allowing us to avoid burdening the district court in California unnecessarily before the appeals of the Wisconsin action are complete. Please let me know if this agreement is acceptable.

Sincerely,

J.C. Rozendaal

cc: Counsel of record (via electronic mail)