# EXHIBIT C
## TO M. EDELMAN'S DECLARATION ISO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S THIRD COUNTERCLAIM

**Paul Hastings**
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square • Sixth Floor • Palo Alto, CA 94306-2155
telephone 650 320 1800 • facsimile 650 320 1900 • www.paulhastings.com

Atlanta
Beijing
Brussels
Chicago
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(650) 320-1822
michaeledelman@paulhastings.com

September 28, 2007

58785.00013

**VIA E-MAIL**

J.C. Rozendaal, Esq.
Kellog, Huber, Hansen, Todd,
   Evans & Figel, P.L.L.C.
1615 M Street, Northwest, Suite 400
Washington, DC  20036

Re:    *Asus Computer Inc., et al. v. Ricoh Company, Ltd.*

Dear J.C.:

Thank you for your letter.

The first condition stated in your letter is acceptable.  We agree that the '109 claims can be dismissed without prejudice, and that Ricoh will not reassert the patent against our clients unless the Wisconsin judgment is vacated or reversed (though not mentioned in the correspondence, we can also also agree to dismiss our declaratory relief claims pertaining to the '109 Patent, as they were asserted before the summary judgment decision in Wisconsin).

However, the second condition stated in your letter is not acceptable.  In essence, what Ricoh is proposing is a tolling agreement which would have the effect of permitting Ricoh to reach back in damages for six years before April 5, 2007.  There is no reason why our clients should agree to this.  Under the doctrine of collateral estoppel, the '109 claims must be dismissed now.  If Ricoh was to ever reassert the patent against our clients, then any damages claim would only reach back for six years before the date that such a new complaint was filed.

In light of the above, in order to avoid motion practice, please let us know whether Ricoh will agree to dismiss its claims solely under the first condition stated above.

During our recent conversation, you indicated that the argument Ricoh would assert to oppose Asustek's motion to dismiss is that the Wisconsin judgment only involved claims 1 and 4 of the '109 patent, but since Ricoh would also be asserting other patent claims against Asustek the doctrine of collateral estoppel would be inapplicable.  Before this conversation, we were unaware that any claims of the '109 patent would be at issue in this

LEGAL_US_W # 57188396.1

PaulHastings

J.C. Rozendaal, Esq.
September 28, 2007
Page 2

case other than claims 1 and 4, or that Ricoh believed it had a good faith basis to assert such claims.

We believe that the doctrine of collateral estoppel would ultimately apply to bar any claims of the '109 patent that Ricoh could assert. However, we also recognize that -- whereas the application of collateral estoppel to claims 1 and 4 is clear -- the application of the doctrine to the other claims at the pleading stage is potentially debatable. Accordingly, if Ricoh seriously believes it has a good faith basis to assert other claims in this case, the parties could simply agree that claims 1 and 4 will be dismissed, and Asustek would preserve its collateral estoppel and other defenses to the remaining claims in its Reply to Ricoh's Counterclaims. Please let me know whether Ricoh is willing to consider this alternative.

Sincerely,

*Michael Edelman/CH*

Michael N. Edelman
for PAUL, HASTINGS, JANOFSKY & WALKER LLP

cc:    All Counsel (*via email*)