# EXHIBIT D

## TO M. EDELMAN'S DECLARATION ISO PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S THIRD COUNTERCLAIM

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3209

---

(202) 326-7900

FACSIMILE:
(202) 326-7999

October 1, 2007

**Via Electronic and First Class Mail**

Michael N. Edelman, Esq.
Paul, Hastings, Janofsky & Walker LLP
Five Palo Alto Square
Sixth Floor
Palo Alto, California 94306

    Re: *ASUSTeK Computer Inc. v. Ricoh Co., Ltd.*, No. C07-C-01942-MHP (N.D. Cal.)

Dear Mike,

    I write in response to your letter of September 28 concerning the '109 patent.

    You are correct that Ricoh is proposing a tolling agreement which would have the effect of permitting Ricoh to claim damages dating back to the commencement of the N.D. Cal. suit. Because the Wisconsin court's judgment is on appeal to the Federal Circuit, this sort of tolling agreement is entirely reasonable and proper if ASUS desires that the '109 actually be dismissed from the case (without prejudice). Otherwise, it would be appropriate simply to stay consideration of the '109 patent pending resolution of the appeals of the Wisconsin court's judgment, rather than dismissing the patent from the case. *See, e.g.*, Wright, Miller & Cooper, *Federal Practice and Procedure* § 4433.

    Nevertheless, we are interested in your proposal that claims 1 and 4 should be left out of the case for now while other claims in the patent are left in. If the parties were to do that, however, then we do not see how there would be anything to "dismiss." Neither ASUS's declaratory judgment complaint nor Ricoh's counterclaims indicates any specific patent claims being asserted, so there would be no need to modify any pleading.

    If we understand you correctly, then the parties would enter into either a formal stipulation or an informal agreement under which Ricoh would not assert, and ASUS would not seek declaratory relief from, claims 1 and 4 of the '109 patent in the California litigation until and unless the Wisconsin court's ruling on the validity of those claims is reversed or vacated. Additionally, the parties would agree that they would not raise an argument that such claims, if re-introduced into the case later, were tardy and would allow, for example, supplementation of expert reports as necessary. Please confirm that this arrangement is what you had in mind and

Michael N. Edelman, Esq.
October 1, 2007
Page 2 of 2

would be acceptable to ASUS. We will likewise let you know when we have received our client's response to your proposal.

                                              Sincerely,

                                              J.C. Rozendaal

cc:      Counsel of record (via electronic mail)