RONALD S. LEMIEUX (SBN 120822)
ronlemieux@paulhastings.com
MICHAEL N. EDELMAN (SBN 180948)
michaeledelman@paulhastings.com
VIDYA R. BHAKAR (SBN 220210)
vidbhakar@paulhastings.com
SHANÉE Y. WILLIAMS (SBN 221310)
shaneewilliams@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Attorneys for Plaintiffs
ASUSTEK COMPUTER INC. AND
ASUS COMPUTER INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>RICOH COMPANY, LTD.,<br><br>Defendant. | CASE NO. C 07-01942-MHP<br><br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by the Parties through their respective counsel that, in order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure, the following Protective Order be entered by the Court. This Order shall remain in effect through the conclusion of the litigation between the parties and completion of obligations under Paragraph 16 below.

1          In support of this Order, this Court finds that:

2          Documents, things, materials or information containing confidential or proprietary

3   technical, scientific or business information and/or trade secrets ("Confidential Information") that

4   bear significantly on the parties' claims or defenses are likely to be disclosed or produced during

5   the course of discovery in this litigation;

6          The parties to this litigation may assert that public dissemination and disclosure of

7   Confidential Information could severely injure or damage the party disclosing or producing the

8   Confidential Information and could place the party at a competitive disadvantage;

9          Counsel for the party or parties receiving Confidential Information are presently

10  without sufficient information to accept the representation(s) made by the party or parties

11  disclosing or producing Confidential Information as to the confidential, proprietary, and/or trade

12  secret nature of such Confidential Information; and

13         To protect the respective interests of the parties and to facilitate the progress of

14  disclosure and discovery in this litigation, the following Order should issue:

15         IT IS THEREFORE ORDERED THAT:

16         1.   Documents or discovery responses containing Confidential Information produced

17  by a party to this litigation are referred to herein as "Protected Documents."  Except as otherwise

18  indicated below, all documents or discovery responses designated by the disclosing or producing

19  party as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" and which are disclosed or

20  produced to the attorneys for the other parties to this litigation shall be Protected Documents and

21  are entitled to confidential treatment as described below.

22         2.   Protected Documents shall not include (a) advertising materials, (b) materials that

23  on their face show that they have been published to the general public, or (c) documents that have

24  been submitted to any governmental entity without request for confidential treatment. Protected

25  Documents designated as "CONFIDENTIAL" may include confidential technical, marketing,

26  business and trade information unknown to the public.  Protected Documents designated as

27  "OUTSIDE COUNSEL ONLY" shall include highly confidential and sensitive information

28  related to research, development, design, sales, marketing, manufacturing or other activities, that

1    the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure

2    to persons other than those specified in Paragraph 7 could reasonably be expected to result in

3    injury to the disclosing party.  The identification of Protected Documents with either of these

4    designations is referred to herein as "Confidential Designation" or "Designated Under This

5    Protective Order."

6         3.    Any party (including any third party not named in this litigation) that produces

7    documents, things, materials or information in discovery in this litigation may make Confidential

8    Designations on Protected Documents for which the producing party believes in good faith that

9    there is a right to confidential treatment under Federal Rule of Civil Procedure 26 consistent with

10   the designation level.  The parties represent that such information does exist, and that they have

11   historically maintained such informational confidential in the ordinary course of their respective

12   businesses, and will continue to do so.  Designations that are shown to be clearly unjustified, or

13   that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

14   development process, or to impose unnecessary expenses and burdens on other parties), shall

15   expose the Designating Party to sanctions.

16        If it comes to a party's or non-party's attention that information or items that it

17   designated for protection do not qualify for protection at all, or do not qualify for the level of

18   protection initially asserted, that party or non-party must promptly notify all other parties that it is

19   withdrawing the mistaken designation.

20        4.    At any time after the delivery of Protected Documents, counsel for the party or

21   parties receiving the Protected Documents may challenge the Confidential Designation of all or

22   any portion thereof by providing written notice thereof to counsel for the party disclosing or

23   producing the Protected Documents.  If the parties are unable to agree as to whether the

24   Confidential Designation of all or a portion of the Protected Documents is appropriate, the party

25   or parties receiving the Protected Documents shall certify to the Court that the parties cannot

26   reach an agreement as to the confidential nature of all or a portion of the Protected Documents.

27   Thereafter, the party or parties disclosing or producing the Protected Documents shall have ten

28   (10) calendar days from the date of certification to file a motion for protective order with regard

1    to any Protected Documents in dispute.  The party or parties disclosing or producing the Protected

2    Documents shall have the burden of establishing that the disputed Protected Documents are

3    entitled to confidential treatment.  If the party or parties disclosing or producing the Protected

4    Documents do not timely file a motion for protective order, then the Protected Documents in

5    dispute shall no longer be subject to confidential treatment as provided in this Order.  All

6    Protected Documents are entitled to confidential treatment pursuant to the terms of this Order

7    until and unless the parties formally agree in writing to the contrary, a party fails to timely move

8    for protective order, or a contrary determination is made by the Court as to whether all or a

9    portion of a Protected Document is entitled to confidential treatment.

10        5.    Protected Documents and any information contained therein shall not be used or

11   revealed, shown, disseminated, copied, or in any way communicated to anyone for any purpose

12   whatsoever, except as provided for below.

13        6.    Protected Documents designated as "CONFIDENTIAL" and any information

14   contained therein shall be revealed or shown only to the following persons:

15        (a) Outside Counsel of Record for the party receiving Protected Documents or any

16   information contained therein.

17        (b) Employees of such counsel (excluding experts and investigators) assigned to

18   and necessary to assist such counsel in the preparation and trial of this litigation;

19        (c) Up to four (4) employees of each party receiving Protected Documents,

20   designated in writing by such party to all other parties following the entry of this Protective

21   Order, provided that such party complies with Paragraph 9 (such designated employees are

22   referred to herein as the "Internal Representatives"), and the Internal Representatives shall be

23   limited to such persons as are reasonably necessary for development and presentation of the

24   claims or defenses;

25        (d) Employees of any professional photocopy service, graphics design service,

26   legal interpreters or translators, or jury consultants (including mock jurors, focus group members,

27   and the like) used by counsel;

28

STIPULATED PROTECTIVE ORDER          -4-          CASE NO. C 07-01942-MHP

1          (e) Any author, recipient (actual or reasonably believed) or producing party of

2    such Protected Documents designated as "CONFIDENTIAL"; and

3          (f) Any independent expert retained by the receiving party to assist in the

4    preparation for this litigation or to testify at trial, provided that the Protected Documents received

5    or any information contained therein that is revealed or shown to an independent expert pertains

6    to the expected consultation or testimony of such independent expert and the party receiving

7    Protected Documents complies with Paragraph 10.  The Protected Documents may be shown to

8    secretarial and clerical employees and technical staff associated with and acting under the

9    supervision of such independent expert.

10       7.    Protected Documents designated as "OUTSIDE COUNSEL ONLY" and any

11    information contained therein shall be revealed or shown only to the following persons:

12          (a) Outside Counsel of Record for the party receiving Protected Documents or any

13    information contained therein.

14          (b) Employees of such counsel (excluding experts and investigators) assigned to

15    and necessary to assist such counsel in the preparation and trial of the litigation between the

16    parties;

17          (c) Employees of any professional photocopy service, graphics design service,

18    legal interpreters or translators, or jury consultants (including mock jurors, focus group members,

19    and the like) used by counsel;

20          (d) Any author, recipient (actual or reasonably believed) or producing party of

21    such Protected Documents designated as "OUTSIDE COUNSEL ONLY"; and

22          (e) Any independent expert retained by the receiving party to assist in the

23    preparation for this litigation or to testify at trial, provided that the Protected Documents received

24    or any information contained therein that is disclosed to an independent expert pertains to the

25    expected consultation or testimony of such independent expert and the party receiving Protected

26    Documents complies with Paragraph 10.  The Protected documents may be shown to secretarial

27    and clerical employees and technical staff associated with and acting under the supervision of

28    such independent expert.

1          8.       Protected Documents that have been designated "CONFIDENTIAL" or

2    "OUTSIDE COUNSEL ONLY" under this protective order may be filed with the clerk.  Such

3    Protected Documents shall be filed in a sealed envelope or other opaque container, covered by a

4    caption page marked with one of the following statements, whichever is appropriate:

5                        "FILED UNDER SEAL

6                        CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

7                        or

8                        "FILED UNDER SEAL

9                        OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER"

10          9.       When any party receiving Protected Documents designated as "CONFIDENTIAL"

11   under this Protective Order desires to reveal or show the Protected Documents or any information

12   contained therein to any Internal Representative referred to above, such receiving party shall, at

13   least ten (10) calendar days prior to disclosure of the Protected Documents to the Internal

14   Representative, provide to the producing party the name and business address of the Internal

15   Representative to whom the receiving party desires to reveal or show Protected Documents

16   designated as "CONFIDENTIAL" under this Protective Order or any information contained

17   therein.

18                   Within ten (10) calendar days of receipt of such information, the party producing

19   such Protected Documents may object in writing to the disclosure of such Protected Documents

20   to the designated Internal Representative.  Any failure to object in writing within such period to

21   the proposed disclosure of such Protected Documents shall be deemed to have consented by the

22   producing party to such disclosure.

23                   If an objection to the disclosure of such Protected Documents under this paragraph

24   is not resolved by the parties within ten (10) calendar days of service of the written notice of

25   objection, the producing party may file a motion with the Court within twenty (20) calendar days

26   of service of the notice of objection.  If such a motion is filed, the disclosure of such Protected

27   Documents to the Internal Representative shall be withheld pending the ruling of the Court on any

28   such motion.

1        Prior to revealing or showing any Protected Documents designated

2  "CONFIDENTIAL" under this Protective Order or any information contained therein to its

3  Internal Representative, counsel for the receiving party of such Protected Documents shall cause

4  such Internal Representative to sign a copy of Exhibit A attached hereto and shall serve a copy of

5  Exhibit A on counsel for the other parties.  Counsel shall maintain the original of Exhibit A and

6  shall provide a copy thereof to the Court, if required.

7        10.    When any party receiving Protected Documents designated as "CONFIDENTIAL"

8  or "OUTSIDE COUNSEL ONLY" under this Protective Order desires to reveal or show such

9  Protected Documents or any information contained therein to any independent expert, such

10  receiving party shall, at least ten (10) calendar days prior to disclosure of such Protected

11  Documents to the independent expert, provide to the producing party the name, business address

12  and resume of the independent expert to whom the receiving party desires to reveal or show

13  Protected Documents designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" under

14  this Protective Order or any information contained therein.

15        Within ten (10) calendar days of receipt of such information, the party producing

16  such Protected Documents may object in writing to the disclosure of such Protected Documents

17  to the independent expert.  Any failure to object in writing within such period to the proposed

18  disclosure of such Protected Documents shall be deemed to have consented by the disclosing or

19  producing party to such disclosure.

20        If an objection to the disclosure of such Protected Documents under this paragraph

21  is not resolved by the parties within ten (10) calendar days of service of the written notice of

22  objection, the producing party may file a motion with the Court within twenty (20) calendar days

23  of service of the notice of objection.  If such a motion is filed, the disclosure of such Protected

24  Documents to the independent expert shall be withheld pending the ruling of the Court on any

25  such motion.

26        Prior to disclosing any Protected Documents designated "CONFIDENTIAL" or

27  "OUTSIDE COUNSEL ONLY" under this Protective Order or any information contained therein

28  to its independent expert, counsel for the receiving party shall cause such independent expert to

1    sign a copy of Exhibit B attached hereto and shall serve a copy of Exhibit B on counsel for the

2    other Parties. Counsel shall maintain the original of Exhibit B and shall provide a copy thereof to

3    the Court if required.

4           11.     To the extent that Protected Documents or information contained therein are used

5    in depositions, such documents or information shall remain subject to the provisions of this

6    Order, along with the transcript pages of the deposition testimony referring to the Protected

7    Documents or information contained therein.  Additionally, the parties may, within thirty (30)

8    calendar days of receipt of the final transcript of a deposition, designate documents, things,

9    materials or information disclosed in that deposition as either "CONFIDENTIAL" or "OUTSIDE

10   COUNSEL ONLY," as the nature of the information involved requires.  Absent agreement of the

11   parties to the contrary, until the expiration of such period, all documents, things, materials or

12   information in a deposition shall be treated as "OUTSIDE COUNSEL ONLY." If any party

13   designates testimony given at a deposition "CONFIDENTIAL" or "OUTSIDE COUNSEL

14   ONLY" during the deposition, all persons not qualified to receive such information shall leave the

15   deposition for that portion of the testimony.

16          12.     Any court reporter or transcriber who reports or transcribes testimony in this

17   litigation is hereby admonished that all Protected Documents and information designated as such

18   under this Order shall remain "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY," as

19   appropriate, and shall not be disclosed by them, except under the terms of this Order, and that any

20   notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the

21   reporter or delivered to counsel of record.

22          13.     Inadvertent or unintentional production of documents, things, materials or

23   information containing Confidential Information which are not designated "CONFIDENTIAL" or

24   "OUTSIDE COUNSEL ONLY" shall not be deemed a waiver in whole or in part of a claim for

25   confidential treatment.

26          14.     Inadvertent or unintentional production of privileged documents shall not

27   constitute a waiver of the attorney-client privilege or attorney work product doctrine as they apply

28   to those documents specifically or to the subject matter of those documents generally.  If a party

produces documents that it believes should have been withheld as privileged, such party shall provide a written request for the return of those documents within a reasonable time after having actual knowledge that said documents have been produced. The receiving party must then return those documents, along with any copies thereof, to the producing party within ten (1 0) calendar days of receiving such notice. The receiving party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting an in camera review of the documents in question.

15.    Nothing herein is intended in any way to restrict the ability of counsel to use "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" material in examining or cross-examining any employee, future employee, agent, expert or consultant of the producing party, or any person who authored, received or is a named recipient of the "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" material.

16.    Any receiving party that knows that it intends to present confidential information of another party in oral form at trial, or during any pre- or post-trial hearing, shall first notify the court and the producing party a reasonable amount of time in advance. Because of the policy favoring public attendance at judicial proceedings, the parties agree to cooperate on minimizing the presentation of protected information in open court. The Court does not here determine which, if any, procedures for reducing the presentation of protected information may be suitable.

17.    The Court reserves the power and authority to remove documents and materials from the scope of this Order if it finds documents or materials designated by the parties do not constitute material properly described as protectable by Fed. R. Civ. P. 26(c) or this Order.

18.    In the event any party having possession, custody or control of any Protected Documents receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such party shall promptly notify counsel for the producing party of the subpoena or other process or order, such that the producing party may take the necessary steps to quash or otherwise object to the subpoena or other process or order. The producing party shall have the burden of defending against such subpoena or other process or order. The party receiving the subpoena or other process or order shall be entitled to

1  comply with it except to the extent the producing party has promptly notified the party receiving

2  the subpoena or other process or order of its intent to take immediate legal action to quash or

3  otherwise object to the subpoena or other process or order, in which case the party will not

4  produce such Protected Documents while such legal proceeding are pending.

5      19.    After termination of the litigation between the parties, the provisions of this Order

6  shall continue to be binding, except with respect to those documents and information that become

7  a matter of public record.  This Court retains and shall have continuing jurisdiction over the

8  parties and recipients of the Protected Documents for enforcement of the provisions of this Order

9  following termination of the litigation between the parties.

10      20.    Upon termination of the litigation between the parties by dismissal, judgment, or

11  settlement, counsel for the party or parties receiving Protected Documents shall destroy the

12  Protected Documents or return the Protected Documents to the counsel for the party or parties

13  producing the Protected Documents.  The party or parties receiving the Protected Documents

14  shall keep their attorney work product which refers or relates to any such Protected Documents. If

15  the receiving party elects to destroy the Protected Documents, the receiving party shall, within

16  thirty (30) days of the destruction, certify to the producing party in writing that such destruction

17  has been completed.  The party receiving Protected Documents shall not use such Protected

18  Documents or any information contained therein for any purpose whatsoever other than the

19  litigation between the parties.  The party or parties receiving Protected Documents shall not under

20  any circumstances sell, offer for sale, advertise, or publicize such Protected Documents or any

21  information contained therein.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1    21.    This Order shall be binding upon the parties and their attorneys, successors,

2    executors, personal representatives, administrators, heirs, legal representatives, assigns,

3    subsidiaries, divisions, employees, agents, independent contractors, or other persons or

4    organizations over which they have control.

5    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6    DATED:  October 4, 2007            Respectfully submitted,

7                                       RONALD S. LEMIEUX
                                        MICHAEL N. EDELMAN
8                                       VID BHAKAR
                                        SHANÉE Y. WILLIAMS
9                                       PAUL, HASTINGS, JANOFSKY & WALKER LLP

10

11                                      By:_____/s/ *Ronald S. Lemieux*_____
                                                            RONALD S. LEMIEUX
12
                                        Attorneys for Plaintiffs
13                                      ASUSTEK COMPUTER INC. and ASUS COMPUTER
                                        INTERNATIONAL
14

15    DATED:  October 4, 2007            Respectfully submitted,

16                                       J.C. ROZENDAAL, *pro hac vice*
                                         RICHARD H. STERN, *pro hac vice*
17                                       MICHAEL E. JOFFRE, *pro hac vice*
                                         KELLOGG, HUBER, HANSEN, TODD, EVANS &
18                                       FIGEL, PLLC

19

20                                      By:_____/s/ *J.C. Rozendaal* (with permission)_____
                                                            J.C. ROZENDAAL
21
                                        Attorneys for Defendant
22                                      RICOH COMPANY, LTD.

23

24            IT IS SO ORDERED on this _____th day of _____, 2007

25

26                                      _____
                                        MARILYN HALL PATEL
27                                      UNITED STATES DISTRICT JUDGE

28

STIPULATED PROTECTIVE ORDER            -11-            CASE NO. C 07-01942-MHP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEEMENT TO BE BOUND

I have been designated as a person who may have access to information designated as "CONFIDENTIAL" as that term is defined in the Protective Order dated _____, 2007 in above-referenced action.  I understand that I am NOT designated as a person who may have access to information designated as "OUTSIDE COUNSEL ONLY," as that term is defined in that Protective Order.

Having read that Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all information designated "CONFIDENTIAL" as defined therein.  I agree to maintain such information in strict confidence and not to disclose such information to any other person, or make use of such information, except in accordance with the terms of the Protective Order.

I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the Northern District of California, for the purpose of enforcement of the terms of the Protective Order.  I understand that any violation of the Protective Order is punishable by the contempt powers of the Court and that such punishment may include imposition of a fine in the amount of the damages sustained by my violation and an award of costs and attorneys' fees.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _____ (location) on _____ (date).


_____
(signature)

Print name and address:


_____


_____


_____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT B</u>**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

       I have been designated as a person who may have access to information designated as "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" as those terms are defined in the Protective Order dated _____, 2007 in above-referenced action.

       Having read that Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all information designated "CONFIDENTIAL" or "OUTSIDE COUNSEL ONLY" as defined therein. I agree to maintain such information in strict confidence and not to disclose such information to any other person, or make use of such information, except in accordance with the terms of the Protective Order.

       I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the Northern District of California, for the purpose of enforcement of the terms of the Protective Order. I understand that any violation of the Protective Order is punishable by the contempt powers of the Court and that such punishment may include imposition of a fine in the amount of the damages sustained by my violation and an award of costs and attorneys' fees

       I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


       Executed at _____ (location) on _____ (date).


               _____
                          (signature)

       Print name and address:

               _____

               _____

               _____