1  RONALD S. LEMIEUX (SBN 120822)
   ronlemieux@paulhastings.com
2  VIDYA R. BHAKAR (SBN 220210)
   vidbhakar@paulhastings.com
3  SHANÉE Y. WILLIAMS (SBN 221310)
   shaneewilliams@paulhastings.com
4  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   Five Palo Alto Square, Sixth Floor
5  Palo Alto, CA 94306-2155
   Telephone: (650) 320-1800
6  Facsimile: (650) 320-1900

7  Attorneys for Plaintiffs
   ASUSTEK COMPUTER INC. AND
8  ASUS COMPUTER INTERNATIONAL

9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                           SAN FRANCISCO DIVISION

13

| 14 | ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, | CASE NO. C 07-01942-MHP |
|---|---|---|
| 15 | | **DECLARATION OF SHANÉE Y. WILLIAMS IN SUPPORT OF ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S OPPOSITION TO RICOH COMPANY, LTD.'S MOTION FOR STAY PENDING APPEAL** |
| 16 | Plaintiff, | |
| 17 | v. | |
| 18 | RICOH COMPANY, LTD., | |
| 19 | Defendant. | Date: October 29, 2007<br>Time: 2:00 p.m.<br>Courtroom 15<br>The Honorable Marilyn H. Patel |

WILLIAMS DECL. IN SUPPORT OF
ASUSTEK'S OPPOSITION TO RICOH'S           CASE NO. C 07-01942-MPH
MOTION FOR STAY PENDING APPEAL

1        I, Shanée Y. Williams, hereby declare as follows:

2        1.    I am an attorney admitted to practice before this Court and am an associate with the law firm of Paul, Hastings, Janofsky & Walker LLP, attorneys for plaintiffs ASUSTeK Computer Inc. and ASUS Computer International (collectively, "Asustek") in the above-captioned matter.  If called upon to testify, I could and would do so competently as to the matters set forth herein.

      2.    Attached hereto as Exhibit A is a true and correct copy of the "Order Denying Defendant's Motion To Dismiss or, in the Alternative, Stay or Transfer," filed in the United States District Court for the Northern District of California on September 22, 2003 in *Synopsys, Inc. v. Ricoh Company, Ltd.*, Case No. C-03-2289 MJJ.

      3.    In the Joint CMC Statement filed in this action, Ricoh took the position that all discovery and other proceedings in this case should be stayed until its motion to dismiss was decided.  At the Case Management Conference before this Court on September 10, 2007, Ricoh reluctantly accepted service of Asustek's complaint.

      4.    Attached hereto as Exhibit B is a true and correct copy of the "Opinion and Order," filed in the United States District Court for the Western District of Wisconsin on April 3, 2007 in *Ricoh Company, Ltd. v. ASUSTeK Computer, Inc., et al.*, Case No. 06-C-0462-C ("the Wisconsin case".)

      5.    The complaint in the Wisconsin action was filed on August 24, 2006.  At the time the Opinion and Order dismissing Asustek from the Wisconsin action issued, little discovery from Ricoh had been taken.  For example, as of April 3, 2007, Ricoh had only produced 1,224 documents, most of which were marginally relevant and gave little to no information or explanation of Ricoh's infringement allegations.  Furthermore, Asustek had yet to take a single deposition of Ricoh, and Ricoh had taken only a 30(b)(6) technical deposition of Asustek.

      6.    Though Markman briefing had begun at the time Asustek was dismissed from the Wisconsin action, this was only because the Wisconsin court had set an unusually expedited schedule for Markman proceedings such that they commenced very early in the case.  Attached

1 hereto as Exhibit C is a true and correct copy of the "Preliminary Pretrial Conference Order,"
2 filed on November 30, 2006 in the Wisconsin case.

3     7. At the Case Management Conference on September 10, 2007, this Court directed
4 the parties to participate in mediation or a settlement conference. The parties are presently
5 scheduled to mediate the instant action before Magistrate Judge (ret.) Infante on November 19,
6 2007. However, Ricoh has never provided any specific infringement contentions to Asustek so
7 that the Asustek defendants could understand the true scope or nature of Ricoh's infringement
8 allegations. The Wisconsin court does not have specialized patent local rules and did not require
9 such contentions to be provided when that case was pending in Wisconsin. Asustek's initial
10 attempts to obtain this information in the Wisconsin action were resisted by Ricoh.

11 I declare under the penalty of perjury under the laws of the United States that the
12 foregoing is true and correct.

13 Executed this 8th day of October, 2007.

*/s/ Shanée Y. Williams*
Shanée Y. Williams

LEGAL_US_W # 57267117.1

WILLIAMS DECL. IN SUPPORT OF
ASUSTEK'S OPPOSITION TO RICOH'S
MOTION FOR STAY PENDING APPEAL          -3-          CASE NO. C 07-01942-MPH