RONALD S. LEMIEUX (SBN 120822)
ronlemieux@paulhastings.com
VIDYA R. BHAKAR (SBN 220210)
vidbhakar@paulhastings.com
SHANEÉ Y. WILLIAMS (SBN 221310)
shaneewilliams@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiffs
ASUSTEK COMPUTER INC. AND
ASUS COMPUTER INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>RICOH COMPANY, LTD.,<br><br>Defendant. | CASE NO. C 07-01942-MHP<br><br>**ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S OPPOSITION TO RICOH COMPANY, LTD.'S MOTION FOR STAY PENDING APPEAL**<br><br>Date:  October 29, 2007<br>Time:  2:00 p.m.<br>Courtroom 15<br>The Honorable Marilyn H. Patel |

## I. INTRODUCTION

Ricoh's motion for a stay should be denied. Ricoh's motion is yet another attempt to indefinitely delay the resolution of its patent infringement claims against ASUSTeK Computer Inc. and ASUS Computer International (collectively, "Asustek"). There is no reason why Asustek should be forced to wait for up to a year before discovery and other proceedings in this case can begin to move forward.

1      Ricoh argues that this case should be stayed because of the pendency of an appeal to the Federal Circuit from a judgment by the Western District of Wisconsin involving the same patents. However, a stay pending the resolution of that appeal would have no practical benefit for the parties. If the appeal is unsuccessful, the parties would have wasted at least five months, and up to a year, during which substantial discovery and other proceedings in this Court could have significantly moved forward. If the appeal is successful, the time spent by the parties during the interim in conducting discovery and narrowing the issues would still significantly accelerate the resolution of this dispute.

Further, the parties have been directed by this Court to participate in a mediation or settlement conference, and the parties have scheduled a mediation session with Magistrate Judge Infante on November 19, 2007. A stay of this case before mediation would be seriously detrimental to any settlement efforts. At present, Asustek remains in the dark concerning many aspects of Ricoh's infringement allegations. In order to facilitate settlement, a better understanding of those claims is critical. It makes no sense for the parties to put a halt on discovery during the very time period in which the discovery might be most helpful in resolving this case. Surely, it is in the interests of both sides to have as much information at their disposal as possible at the time the mediation is held.

In short, there is no factual or legal basis for staying the proceedings in this case. Accordingly, Asustek respectfully requests that Ricoh's motion be denied.

## II.    BACKGROUND

### A.    Ricoh Attempts To Stall the Proceedings in This Action.

This action was filed on April 5, 2007, over six months ago. In its complaint, Asustek brought claims seeking a declaratory judgment that four of Ricoh's patents were either invalid or not infringed by Asustek's products. [Docket No. 1] Rather than simply respond to the complaint to facilitate an efficient resolution of these claims, Ricoh instead filed a motion to dismiss based, among other things, on the ground that this Court could not exercise personal jurisdiction over Ricoh. [Docket Nos. 12, 25] Ricoh made this argument without even

1  acknowledging a prior determination by another Court in this District that Ricoh was subject to
2  general jurisdiction in California. Declaration of Shanée Y. Williams ("Williams Decl."), Exh. A.
3        Ricoh's motion to dismiss alternatively sought a stay of this action pending appeal of a
4  prior action filed by Ricoh against Asustek in the Western District of Wisconsin (the "Wisconsin
5  case"). In the Joint CMC Statement, Ricoh took the position that all discovery and other
6  proceedings in this case should be stayed until its motion was decided. Williams Decl. ¶ 3. At
7  the Case Management Conference before this Court on September 10, 2007, Ricoh's counsel
8  reluctantly accepted service of Asustek's complaint. The Court also indicated that though Ricoh
9  was free to continue pressing its personal jurisdiction argument, the Court would not hesitate to
10 sanction Ricoh if its argument turned out to be frivolous.
11       In light of the Court's admonition, Ricoh dropped its personal jurisdiction challenge and
12 filed an Answer to Asustek's Complaint. At the same time, however, Ricoh filed a new motion
13 seeking a stay of the proceedings pending the outcome of its appeal of the Final Judgment entered
14 in the Western District of Wisconsin finding a lack of personal jurisdiction over both Asustek and
15 ASUS Computer International. By filing this motion, Ricoh is attempting to once again stall the
16 proceedings in this case for as long as possible. In essence, Ricoh is trying to "run out the
17 clock" so that proceedings in this case never get off the ground before its appeal from the
18 Wisconsin case is decided at some undetermined point in 2008.
19       **B.**    **The Wisconsin Case**
20       Before the instant action was filed, Ricoh filed the Wisconsin case against Asustek, even
21 though Asustek had no connection whatsoever to Wisconsin. Ricoh attempted to manufacture
22 jurisdiction in Wisconsin by having its own counsel "order" Asustek drives over the Internet and
23 asking for the drives to be shipped to locations within Wisconsin. As the Western District of
24 Wisconsin commented, "The only inference that may be drawn from the current record is that the
25 allegedly infringing products would never have found their way into Wisconsin if plaintiff had
26 not brought them here." Williams Decl., Exh. B, p. 16. Predictably, Ricoh's complaint against
27 Asustek in Wisconsin was dismissed. Ricoh has filed an appeal to the Federal Circuit from this
28 dismissal.

At the time of the Asustek defendants' dismissal from the Wisconsin action,[1] little discovery from Ricoh had been taken. Though Ricoh states that there had been "substantial discovery" in the case, this is simply untrue. Indeed, Ricoh itself had barely produced any relevant documents at all to Asustek in the case. Williams Decl., ¶ 5. Asustek had yet to take a single deposition of Ricoh, and Ricoh had taken only a technical 30(b)(6) deposition of the defendants. *Id*. Though Markman briefing had begun, this was only because the Wisconsin court had set an unusually expedited schedule for Markman proceedings such that they commenced very early in the case. *Id.*, ¶ 6 and Exh. C.

At the Case Management Conference on September 10, 2007, this Court directed the parties to participate in mediation or a settlement conference. *Id.*, ¶ 7. At present, however, Ricoh has never provided any specific infringement contentions to Asustek so that the Asustek parties can understand the true scope or nature of Ricoh's allegations. The Wisconsin court did not require such contentions to be provided when that case was pending, and Asustek's initial attempts to obtain this information were resisted by Ricoh. As a result, Asustek remains substantially in the dark concerning Ricoh's allegations, which is hardly conducive to productive settlement discussions.

## III.   ARGUMENT

### A.   **Ricoh's Motion Does Not Satisfy the Required Elements for a Stay.**

Ricoh contends that a court has broad discretion to stay proceedings in declaratory judgment actions. However, a district court's power to stay proceedings is not unbounded. *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). In patent cases, the Federal Circuit has established a "tripartite formula" for trial courts to employ when deciding a motion to stay. *Lifelink Pharms., Inc. v. NDA Consulting, Inc.*, No. 5:07-CV-785, 2007 WL 2459879, *1 (N.D. Ohio Aug. 24, 2007), *citing Cherokee Nation*, 124 F.3d at 1416. A party seeking a stay must, as a threshold matter, demonstrate a pressing need for the stay. *Cherokee Nation*, 124 F.3d at 1416. The court must then balance the interests favoring a stay against the

---

[1] Though Asustek and ASUS Computer International were dismissed from the case, the action proceeded against another group of defendants until the Wisconsin Court granted summary judgment against Ricoh on all claims.

1  interests that would be frustrated by the stay.  *Id*.  Third, "[o]verarching this balancing is the
2  court's paramount obligation to exercise jurisdiction timely in cases properly before it."  *Id*.

3        Here, Ricoh's motion flounders on the very first factor.  Ricoh simply has not
4  demonstrated any "pressing need" for a stay in this matter.  Rather, Ricoh's motion only states
5  its unfounded belief that a stay would "conserve judicial resources" and be in the "best interests"
6  of the parties.  Motion, p. 2.  This generic argument does not come remotely close to
7  demonstrating a pressing need for a stay, as required under governing Federal Circuit precedent.

8        In truth, it is impossible for Ricoh to satisfy the "pressing need" standard because,
9  regardless of the outcome of the pending appeal in the Wisconsin case, the parties would greatly
10 benefit from moving this case forward.  If Ricoh's appeal in the Wisconsin case is unsuccessful,
11 staying this case for half a year would only result in an unnecessary delay in resolution of this
12 matter.  However, even if Ricoh's appeal in the Wisconsin case is successful, the parties will still
13 greatly benefit by the time spent in the intervening time period conducting discovery and
14 exchanging the infringement and invalidity contentions required by the Patent Local Rules.
15 These efforts would be of tremendous assistance in narrowing and framing the outstanding issues
16 between the parties, even if the dispute ended up back in Wisconsin.  Regardless, therefore, of
17 whether the appeal is successful or not, there is no reason why Ricoh has a "pressing need" to
18 stay this case until some indefinite point in 2008.

19       **B.**    **This Case Should Proceed Forward To Facilitate the Upcoming Mediation.**

20       Ricoh's motion assures the Court that it would "continue to participate in mediation and
21 negotiation with ASUS to amicably resolve this dispute" during the lengthy time that this case
22 would be stayed.  Motion, p.2.  However, Ricoh fails to recognize that the upcoming mediation is
23 a compelling reason why the proceedings in this case should not be stayed.  If this case was
24 stayed, Asustek would appear for the mediation without knowing the true scope and nature of
25 Ricoh's infringement allegations.  It frankly makes no sense for the parties to participate in
26 mediation when the scope of the case remains unclear.

27       Further, by proceeding forward in this Court, Ricoh will be required to submit Preliminary
28 Infringement Contentions which will crystallize the nature of Ricoh's infringement claims and the

1  identity of the accused devices.  Even if Ricoh's appeal was successful, these contentions – which
2  are not required in Wisconsin because that Court does not have any Local Rules – would be of
3  great benefit to both sides in narrowing the issues between the parties.  Regardless of the ultimate
4  outcome of Ricoh's appeal, the exchange of Preliminary Infringement and Invalidity Contentions
5  and related information would be of tremendous benefit to the parties in facilitating a potential
6  settlement.  For this reason alone, it is important that this case continue to move forward.

7  **C.   Ricoh's Remaining Arguments Are Meritless.**

8  In its motion, Ricoh makes several other vague contentions to support the requested
9  relief.  None of these contentions can withstand serious scrutiny.  For example, Ricoh contends
10 that this case should be stayed in order to "conserve judicial resources."  Motion, p. 2.  However,
11 this argument by Ricoh entirely depends upon the assumption that Ricoh may prevail on the
12 appeal.  If a stay is entered and Ricoh was to lose the appeal (as Asustek submits is
13 overwhelmingly likely), then at least six months would have passed without any progress being
14 made in this case at all.  Further, even if the appeal was successful and Ricoh was able to move
15 this controversy back to Wisconsin (which Asustek does not concede would be proper), the
16 efforts made by the parties in the next six months to conduct discovery and narrow the issues
17 would still be extremely beneficial in resolving the parties' dispute.

18 Ricoh also asserts that a stay "will cause no prejudice to ASUS." Motion, p. 5.  This is
19 untrue.  Asustek has been under the cloud of Ricoh's harassing allegations of patent infringement
20 for a significant period of time.  Asustek filed its complaint over five months ago, and has been
21 patiently waiting for this case to move forward – at the same time that Ricoh has been trying to
22 drag its feet by frivolously claiming that this court could not exercise personal jurisdiction over
23 it. It is important to Asustek that this case move forward as expediently as possible so that the
24 merit of Ricoh's allegations, or lack thereof, can be decided once and for all.

25 Ricoh also contends that Asustek cannot complain of any delay because Asustek moved to
26 dismiss the Wisconsin case "only months before trial."  Motion, p. 5.  Ricoh fails to inform the
27 Court, however, that Asustek's response to the Wisconsin complaint was to file a motion
28 to transfer venue of the case to this Court.  When the Wisconsin court denied that motion,

1  Asustek immediately filed a second motion to dismiss for lack of personal jurisdiction. It is clear,
2  therefore, that Asustek moved as expediently as possible to move the parties' dispute to the venue
3  where it properly belongs.
4      In short, even if there was precedent supporting the issuance of a stay under these
5  circumstances, the practical considerations weigh overwhelmingly in favor of denying Ricoh's
6  motion. This case should move ahead as expediently as possible.

**IV.  CONCLUSION**

    For the reasons stated above, Ricoh's motion should be denied.

DATED: October 8, 2007                Respectfully submitted,

    RONALD S. LEMIEUX
    MICHAEL N. EDELMAN
    VID BHAKAR
    SHANÉE Y. WILLIAMS
    PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: _____*/s/ Shanée Y. Williams*_____
    SHANÉE Y. WILLIAMS

Attorneys for Plaintiffs
ASUSTEK COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL

LEGAL_US_W # 57124690.1