RONALD S. LEMIEUX (SBN 120822)
ronlemieux@paulhastings.com
MICHAEL N. EDELMAN (SBN 180948)
michaeledelman@paulhastings.com
VIDYA R. BHAKAR (SBN 220210)
vidbhakar@paulhastings.com
SHANÉE Y. WILLIAMS (SBN 221310)
shaneewilliams@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Five Palo Alto Square, Sixth Floor
Palo Alto, CA  94306-2155
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Attorneys for Plaintiffs and Counterclaim Defendants
ASUSTEK COMPUTER INC. AND
ASUS COMPUTER INTERNATIONAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>v.<br><br>RICOH COMPANY, LTD.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. C 07-01942-MHP<br><br>**ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S RESPONSE TO RICOH  COMPANY, LTD.'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs and Counterclaim Defendants ASUSTeK Computer Inc. and ASUS Computer International (collectively, "Asustek") respond as follows to the Counterclaims and allegations asserted in paragraphs 60 through 84 of Defendant Ricoh Company Ltd.'s Answer to Complaint and Counterclaims:

## GENERAL ALLEGATIONS

1. Asustek admits the allegations of paragraph 60.
2. Asustek admits the allegations of paragraph 61.
3. On information and belief, Asustek admits the allegations of paragraph 62.
4. Asustek admits that Ricoh's Counterclaim in paragraph 63 purports to set forth claims arising under the Patent Laws of the United States.
5. Asustek admits the allegations of paragraph 64.

## COUNT I – Infringement of the '552 Patent

1. With respect to paragraph 65, Asustek incorporates by reference its responses to the allegations set forth in the previous paragraphs.
2. With respect to paragraph 66, Asustek admits that, on its face, United States Patent No. 5,063,552 appears to have issued on November 5, 1991 and to have been assigned to Ricoh Company Ltd. Asustek is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 66, and on that basis denies the remaining allegations.
3. Asustek denies each and every allegation of paragraph 67, including subparts (a)-(e).
4. Asustek denies each and every allegation of paragraph 68.
5. Asustek admits that Ricoh has demanded that Asustek Computer Inc. pay Ricoh a royalty. Except as so expressly admitted, Asustek denies each and every allegation of paragraph 69.

## COUNT II – Infringement of the '955 Patent

1. With respect to paragraph 70, Asustek incorporates by reference its responses to the allegations set forth in the previous paragraphs.

1        2.      With respect to paragraph 71, Asustek admits that, on its face, United States Patent No. 6,172,955 appears to have issued on January 9, 2001 and to have been assigned to Ricoh Company Ltd. Asustek is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 71, and on that basis denies the remaining allegations.

        3.      Asustek denies each and every allegation of paragraph 72, including subparts (a)-(e).

        4.      Asustek denies each and every allegation of paragraph 73.

        5.      Asustek admits that Ricoh has demanded that Asustek Computer Inc. pay Ricoh a royalty. Except as so expressly admitted, Asustek denies each and every allegation of paragraph 74.

## COUNT III – Infringement of the '109 Patent

        1.      With respect to paragraph 75, Asustek incorporates by reference its responses to the allegations set forth in the previous paragraphs.

        2.      With respect to paragraph 76, Asustek admits that, on its face, United States Patent No. 6,631,109 appears to have issued on October 7, 2003 and to have been assigned to Ricoh Company Ltd. Asustek is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 76, and on that basis denies the remaining allegations.

        3.      Asustek denies each and every allegation of paragraph 77, including subparts (a)-(e).

        4.      Asustek denies each and every allegation of paragraph 78.

        5.      Asustek admits that Ricoh has demanded that Asustek Computer Inc. pay Ricoh a royalty. Except as so expressly admitted, Asustek denies each and every allegation of paragraph 79.

## COUNT IV – Infringement of the '755 Patent

        1.      With respect to paragraph 80, Asustek incorporates by reference its responses to the allegations set forth in the previous paragraphs.

        2.      With respect to paragraph 81, Asustek admits that, on its face, United States Patent No. 6,661,755 appears to have issued on December 9, 2003 and to have been assigned to Ricoh

1  Company Ltd.  Asustek is without knowledge or information sufficient to form a belief as to the
2  remaining allegations of paragraph 81, and on that basis denies the remaining allegations.

3        3.     Asustek denies each and every allegation of paragraph 82, including
4  subparts (a)-(e).

5        4.     Asustek denies each and every allegation of paragraph 83.

6        5.     Asustek admits that Ricoh has demanded that Asustek Computer Inc. pay Ricoh a
7  royalty.  Except as so expressly admitted, Asustek denies each and every allegation of
8  paragraph 84.

9  **RESPONSE TO RICOH'S PRAYER FOR RELIEF**

10        1.     Asustek denies that Ricoh is entitled to any of the relief requested in Ricoh's
11  Prayer for Relief, including Paragraphs A through G.

12  **AFFIRMATIVE DEFENSES**

13        1.     Asustek asserts, as its further and separate defenses to Ricoh's Counterclaims, the
14  following affirmative defenses.

15  **FIRST AFFIRMATIVE DEFENSE**
16  **Failure To State a Claim**

17        2.     Ricoh's Counterclaims fail to state a claim upon which relief can be granted.

18  **SECOND AFFIRMATIVE DEFENSE**
19  **Invalidity**

20        3.     Each claim of the '552 Patent is invalid for failure to meet the statutory and
21  decisional requirements and/or conditions for patentability under 35 U.S.C. §§ 101, 102, 103
22  and/or 112.

23        4.     Each claim of the '955 Patent is invalid for failure to meet the statutory and
24  decisional requirements and/or conditions for patentability under 35 U.S.C. §§ 101, 102, 103
25  and/or 112.

26        5.     Each claim of the '109 Patent is invalid for failure to meet the statutory and
27  decisional requirements and/or conditions for patentability under 35 U.S.C. §§ 101, 102, 103
28  and/or 112.

ASUSTEK'S RESPONSE TO RICOH'S
COUNTERCLAIMS                    -4-                    CASE NO. C 07-01942-MHP

1    6.   Each claim of the '755 Patent is invalid for failure to meet the statutory and
2   decisional requirements and/or conditions for patentability under 35 U.S.C. §§ 101, 102, 103
3   and/or 112.

### THIRD AFFIRMATIVE DEFENSE

#### Collateral Estoppel

6    7.   Ricoh is barred under the doctrine of collateral estoppel from asserting the patents-
7   in-suit due to the prior rulings and judgment of the United States District Court for the Western
8   District of Wisconsin.

### FOURTH AFFIRMATIVE DEFENSE

#### Equitable Estoppel

11   8.   Ricoh is estopped from obtaining any relief sought in its Counterclaims because of
12   the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

#### License

15   9.   On information and belief, the components used by Asustek in the products
16   accused by Ricoh in its Counterclaims are manufactured and/or sold to Asustek subject to a
17   license or non-assertion agreement between Ricoh and Pioneer Corporation.

### SIXTH AFFIRMATIVE DEFENSE

#### Patent Exhaustion

20   10.  On information and belief, the components used by Asustek in the products
21   accused by Ricoh in its Counterclaims are manufactured and/or sold to Asustek subject to a
22   license or non-assertion agreement between the component manufacturer or supplier and Ricoh,
23   thereby exhausting Ricoh's patent rights, if any, over the accused products.

### SEVENTH AFFIRMATIVE DEFENSE

#### Prosecution History Estoppel

26   11.  On information and belief, as a separate affirmative defense, Ricoh's
27   Counterclaims are barred under the doctrine of prosecution history estoppel, and Ricoh is

estopped from claiming that the '552 Patent, the '955 Patent, the '109 Patent and/or the '755 Patent cover or include any of Asustek's products or services.

## EIGHTH AFFIRMATIVE DEFENSE

### Damages

12. Ricoh's alleged damages are barred and/or limited by the provisions of 35 U.S.C. §§ 286 and/or 287.

## NINTH AFFIRMATIVE DEFENSE

### Reservation of Defenses

13. Asustek reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case.

## SUPPLEMENTAL PRAYER FOR RELIEF

WHEREFORE, Asustek further prays that this Court:

A. Award to Asustek the relief sought in its Complaint;

B. Adjudge and decree that Ricoh's counterclaims are dismissed with prejudice, that judgment be entered in Asustek's favor and against Ricoh, and that Ricoh be denied all relief requested in its counterclaims;

C. Adjudge and decree that Ricoh is not entitled to any damages from Asustek or any injunctive relief under its counterclaims;

D. Award Asustek its fees and costs in defending against Ricoh's counterclaims, including its reasonable attorneys' fees and interest; and

///
///
///
///
///
///

1        E.    Award Asustek such further necessary and proper relief as this Court may deem just and reasonable.

DATED: October 12, 2007       Respectfully submitted,

RONALD S. LEMIEUX
MICHAEL N. EDELMAN
VID BHAKAR
SHANÉE Y. WILLIAMS
PAUL, HASTINGS, JANOFSKY & WALKER LLP


By:       */s/ Shanée Y. Williams*
          SHANÉE Y. WILLIAMS

Attorneys for Plaintiffs and Counterclaim Defendants
ASUSTEK COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL

LEGAL_US_W # 57272861.1

ASUSTEK'S RESPONSE TO RICOH'S COUNTERCLAIMS     -7-    CASE NO. C 07-01942-MHP