DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN, *pro hac vice*
mhansen@khhte.com
J.C. ROZENDAAL, *pro hac vice*
jrozendaal@khhte.com
RICHARD H. STERN, *pro hac vice*
rstern@khhte.com
KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Counsel for Defendant Ricoh Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, <br><br> Plaintiffs, <br><br> vs. <br><br> RICOH COMPANY, LTD., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No. C 07-01942-MHP <br><br> **RICOH'S REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL** <br><br> Hearing:  October 29, 2007 <br> Time:     2:00 p.m. <br> Dept:     Courtroom 15 <br> Judge:    Honorable Marilyn Hall Patel |

Ricoh's request for a short stay is well grounded in precedent and makes eminent sense in this case. ASUSTek Computer Inc. and ASUS Computer International (collectively, "ASUS") have no serious argument that they will be prejudiced by a stay until the Federal Circuit decides the appeal from the Western District of Wisconsin, which may be as soon as February. Instead, ASUS sets up and knocks down several straw men.

ARGUMENT

## I.    ASUS Sets Up and Attacks the Wrong Law

ASUS argues (at 4) that there is a specific "tripartite formula" governing stays of patent cases, which Ricoh has failed to meet. That is wrong. Stays in patent cases are just like stays in any other case and, in this case, are governed by standard Ninth Circuit law. *See Robinson v. Fakespace Labs, Inc.*, No. 02-1152, 2003 WL 858911, at *4 (Fed. Cir. Mar. 5, 2003) (per curiam) ("Because the question whether to stay discovery is not unique to our jurisdiction, we review that ruling under the law of the regional circuit."); *see also Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1308 (Fed. Cir. 2001) (discovery issues governed by regional circuit law).[1]

Ninth Circuit law makes clear that "a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases." *In re M.C. Prods., Inc.*, 205 F.3d 1351 (Table), 1999 WL 1253223, at *1 (9th Cir. 1999). Thus, where the same parties are litigating similar issues in two federal courts, a district court should stay the second suit to avoid duplication of effort. *See Cedars-Sinai Med. Ctr v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); *Audio Entm't Network, Inc. v. AT&T Co.*, 205 F.3d 1350 (Table), 1999 WL 1269329, at *1 (9th Cir. 1999) (same). Importantly, the Ninth Circuit has instructed that this interest remains even when, as in this case, the first case is on appeal. For example, in *Church of Scientology of Cal. v.*

---

[1] Notably, the one Federal Circuit case cited by ASUS (at 4), *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413 (Fed. Cir. 1997), is not a patent case at all, but an appeal from the United States Court for Federal Claims. Thus, the question presented in that case is when a stay was appropriate in that specialized court. Moreover, the stay in that case was not of limited duration, like the one that Ricoh requests here, but was an indefinite stay. *See id.* at 1415-16.

1  *U. S. Dep't of Army*, 611 F.2d 738 (9th Cir. 1979), one suit between the parties in the D.C.

2  district court had already proceeded to appeal before the D.C. Circuit. The Ninth Circuit

3  affirmed the California district court's decision to decline jurisdiction due to the D.C. district

4  court litigation, stating that "[t]he need for fashioning a flexible response to the issue of

5  concurrent jurisdiction has become more pressing in this day of increasingly crowded federal

6  dockets." *Id.* at 750.

7  Moreover, as explained in Ricoh's motion (at 3), stays in declaratory judgments cases are

8  particularly appropriate, where "the normal principle that federal courts should adjudicate claims

9  within their jurisdiction yields to considerations of practicality and wise judicial administration."

10  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). ASUS has no absolute right to force this

11  court ever to reach the merits of its declaratory judgment complaint; therefore, a brief, limited

12  stay while the Federal Circuit considers whether the Wisconsin action against ASUS should

13  proceed cannot impinge on any of ASUS's rights. *Cf. Government Employees Ins. Co. v. Dizol*,

14  133 F.3d 1220, 1232 (9th Cir. 1998) (en banc) ("[A] district court has the duty to consider

15  whether it should abstain from exercising its discretionary jurisdiction to avoid needlessly

16  deciding state issues, prevent duplicitous litigation, and discourage forum shopping.").

17  **II.    Everything Done in This Case Will Be Wasted If Ricoh Prevails on Appeal**

18  ASUS also argues (at 1-2) that Ricoh's request amounts to an "indefinite[] delay" and

19  that, in any case, any action in this case would help "narrow[] the issues," regardless of whether

20  Ricoh won on appeal and this case were dismissed. ASUS is wrong on both counts.

21  First, Ricoh does not request some "indefinite delay." Ricoh simply wishes to avoid

22  litigating duplicatively and wastefully in this forum if the Federal Circuit remands the case back

23  to the Wisconsin court. That appeal is already fully briefed by all parties. Moreover, the issue is

24  a very narrow one for the Federal Circuit – whether the Wisconsin district court had personal

25  jurisdiction over ASUS. Thus, the Federal Circuit will not need to address wide-ranging issues

26  that might lead to delay; either the Wisconsin court has jurisdiction or it does not. Thus, the

27  appeal is likely to be resolved promptly. Moreover, ASUS's claims of harm from a few months'

28  delay are implausible. ASUS unilaterally proposed recently that no trial be held in this case until

at least March *2009*.  *See* Docket No. 28, at 14 (filed Sept. 4, 2007).  In that light, it is hard to see what prejudice can come from a few months stay, when the parties may incur substantial unnecessary costs from litigating in the meantime.  Indeed, ASUS has already started to run up those costs by filing a premature summary judgment motion aimed at removing one of Ricoh's patents from the case based on affirmative defenses of claim or issue preclusion.  *See* Docket No. 36 (filed Oct. 1, 2007).  If the Federal Circuit reverses or vacates the Wisconsin judgment, all court and litigant resources related to that motion will have been wasted.

Moreover, contrary to ASUS's assertions, *everything* done in this action is a waste if Ricoh wins at the Federal Circuit.  This is an entirely new action that will require new discovery requests, new infringement contentions (with the aid of new expert opinions), and apparently new motion practice by ASUS.  Indeed, ASUS has requested that all document discovery start entirely anew in this case, without relying on any documents previously produced.  All the effort of months of full-blown litigation will be for nothing if Ricoh wins at the Federal Circuit.  The Wisconsin case had already progressed through initial expert reports on infringement (thus clarifying which patent claims are at issue).  And the Wisconsin district court issued a *Markman* ruling construing the claims of the patents in suit long ago.  In other words, this case is not some sort of "extension" or "continuation" of the Wisconsin case – and any resources spent starting litigation anew here will be lost if Ricoh wins on appeal.[2]

### III.    Granting a Stay Will Have No Impact on the Parties' Mediations

Contrary to ASUS's contentions, staying this case will not affect mediation or negotiations at all.  A mediation session has been scheduled before Judge Infante on November 19.  Thus, ASUS's suggestion that discovery will help "narrow" the dispute for mediation is unfounded.  Discovery will scarcely have begun, and no meaningful discovery will have been completed, before the appointed date.  Similarly, ASUS's arguments that exchange of its Invalidity Contentions are likewise suspect because, in any event, they will not be due until

---

[2] The only thing that might occur in this action that would not be lost is a successful mediation that resolves the parties' dispute.  And Ricoh is fully committed to proceeding with the scheduled mediation before Judge Infante in November while the stay is in place.

sometime in January 2008, under the Court's Local Rules.  *See* Patent L.R. 3-1 & 3-2.  In other words, by the time discovery helped "narrow" any issues, the Federal Circuit would likely decide Ricoh's appeal.

In any event, the parties do not need discovery in this case to successfully mediate their dispute.  First, ASUS is clearly aware of many of Ricoh's claims:  Ricoh already provided many of its contentions in the Wisconsin case – listing patent claims that it believed ASUS infringed and the specific ASUS optical disk drive models that infringed those claims.  Indeed, Ricoh submitted *two* expert reports, totaling nearly 150 pages in length, detailing exactly how and why ASUS infringed each of those claims.  Under these circumstances, it is preposterous for ASUS to states that it has no idea of "the true scope and nature of Ricoh's infringement allegations."  *See* ASUS Opp. at 5.

Furthermore, the parties have negotiated on several occasions in the past and are well acquainted with one another's respective positions.  The mediation process provides ample opportunity for both written and oral presentations on the disputed issues and on ASUS's exposure in the case.  Surely, Judge Infante will have no difficulty eliciting invalidity contentions from ASUS, should he deem them useful to the mediation process.  There is no need for wasteful duplication of that effort in this case at the same time.

In sum, there is very little to be gained by proceeding with this case until the Federal Circuit rules or the parties privately resolve their dispute.  There is, however, an enormous amount of money, time, and effort that might be wasted by the parties and the Court if a stay is not granted.

### CONCLUSION

Ricoh respectfully requests a brief stay of this case until the Federal Circuit rules in Ricoh's appeal or the parties privately resolve their dispute.

1

Dated: October 15, 2007                    Respectfully submitted,

2

3                                          /s/ Donald P. Gagliardi_____

4                                          DANIEL J. BERGESON, State Bar No. 105439
                                           dbergeson@be-law.com
5                                          DONALD P. GAGLIARDI, State Bar No. 138979
                                           dgagliardi@be-law.com
6                                          BERGESON, LLP
7                                          303 Almaden Boulevard, Suite 500
                                           San Jose, CA 95110-2712
8                                          Telephone: (408) 291-6200
                                           Facsimile: (408) 297-6000
9

10                                         MARK C. HANSEN, *pro hac vice*
                                           mhansen@khhte.com
11                                         J.C. ROZENDAAL, *pro hac vice*
                                           jrozendaal@khhte.com
12                                         RICHARD H. STERN, *pro hac vice*
13                                         rstern@khhte.com
                                           KELLOGG, HUBER, HANSEN, TODD,
14                                             EVANS & FIGEL, PLLC
                                           Sumner Square
15                                         1615 M Street, NW, Suite 400
                                           Washington, DC 20036
16                                         Telephone: (202) 326-7900
                                           Facsimile: (202) 326-7999
17

18
                                           *Counsel for Defendant Ricoh Co., Ltd.*
19

20

21

22

23

24

25

26

27

28

- 5 -