DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN, *pro hac vice*
mhansen@khhte.com
J.C. ROZENDAAL, *pro hac vice*
jrozendaal@khhte.com
RICHARD H. STERN, *pro hac vice*
rstern@khhte.com
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Counsel for Defendant Ricoh Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Plaintiffs,<br><br>vs.<br><br>RICOH COMPANY, LTD.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. C 07-01942-MHP<br><br>**RICOH'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S THIRD COUNTERCLAIM**<br><br>Hearing:  October 29, 2007<br>Time:      2:00 p.m.<br>Dept:      Courtroom 15<br>Judge:    Honorable Marilyn Hall Patel |

Defendant and Counterclaim Plaintiff Ricoh Company, Ltd. ("Ricoh") respectfully opposes the so-called motion to dismiss of Plaintiffs ASUSTek Computer Inc. and ASUS Computer International (collectively, "ASUS"), which actually seeks premature adjudication of ASUS's affirmative defenses of collateral estoppel against Ricoh's U.S. Patent No. 6,531,109 ("the '109 patent"). ASUS's motion simply gets the law wrong.

## BACKGROUND

Ricoh previously sued ASUS for patent infringement in the Western District of Wisconsin: *Ricoh Company, Ltd. v. AsusTek Computer Inc. et al.*, No. 06-C-0462 (the "Wisconsin suit"). That suit included the claim that ASUS and other defendants infringed the '109 patent. After ASUS was dismissed from the Wisconsin suit for lack of personal jurisdiction, Ricoh pressed its claims against the remaining defendants, including Quanta Storage Inc. and others (collectively, "the Quanta defendants"). Ricoh asserted that the Quanta defendants infringed specific claims of the '109 patent; namely, claims 1 and 4. The Quanta defendants moved for summary judgment that those two claims were invalid as obvious in light of the prior art. The district court agreed that these two claims were obvious. Judgment therefore was entered against Ricoh, and Ricoh's appeal of that judgment is currently pending before the Federal Circuit.

In this case, ASUS sought a declaratory judgment that it did not infringe the '109 patent. *See* Docket No. 1 (filed Apr. 5, 2007). Ricoh therefore included a counterclaim that ASUS infringed the '109 patent not only because ASUS's optical disk drives infringe numerous claims of the '109 patent but also because Ricoh's counterclaim is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure. If Ricoh did not bring this counterclaim of infringement now, Ricoh would lose it. *See Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1356 (Fed. Cir. 2004) ("In an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived."). On September 20, 2007, ASUS sent an e-mail to Ricoh arguing that Ricoh was estopped from asserting the '109 patent and demanding that Ricoh drop the counterclaim on the '109 patent that ASUS's own declaratory judgment action had obliged Ricoh to bring. *See* Edelman Decl., Exh. A.

Ricoh agreed with ASUS that it would be preferable to avoid burdening this Court with having to address any part of '109 patent before the Federal Circuit rules on Ricoh's appeal of the Wisconsin suit because, in the course of deciding that appeal, the Federal Circuit will have to decide whether claims 1 and 4 of the '109 patent are obvious. Therefore, Ricoh offered not to assert *any* claims from the '109 patent against ASUS until the Federal Circuit ruled on the validity of claims 1 and 4 of that patent. *See* Edelman Decl., Exh. B. In order to protect its rights, Ricoh asked in return that ASUS agree to toll the damages period on Ricoh's claims on the '109 patent. The reason for this request was that the damages period in patent infringement actions reaches back only six years before the date the infringement claim is brought. *See* 35 U.S.C. § 286. Thus, if Ricoh voluntarily agreed to withdraw its claim of infringement on the '109 patent until the Federal Circuit ruled, Ricoh would lose the right to claim damages from ASUS for the period from six years before the date the claim was initially asserted to six years before the time the claim was reinstated. *See id.*

ASUS flatly refused any tolling of the damages period. *See* Edelman Decl., Exh. C. ASUS conceded, however, that because only claims 1 and 4 had been asserted in the Wisconsin action, "the application of the doctrine [of collateral estoppel] to the other claims at the pleading stage is potentially debatable." *Id.* Therefore, ASUS proposed that Ricoh could simply "dismiss" infringement claims 1 and 4 against ASUS. *See id.* Ricoh responded that because there was never any mention in Ricoh's counterclaims of patent claims 1 and 4, there was at present nothing to modify in the pleading and nothing to "dismiss." Ricoh proposed to enter into a stipulation with ASUS in which Ricoh would not assert and ASUS would not seek declaratory relief from claims 1 and 4 of the '109 patent, until the validity of those claims was resolved by the Federal Circuit. *See* Rozendaal Decl., Exh. A. Instead of entering into such a stipulation and resolving the dispute privately among the parties, ASUS filed the present motion.

**ARGUMENT**

ASUS's motion appears to be motivated by an effort to gain some perceived advantage in the upcoming mediation with Ricoh. But the motion seeks relief to which ASUS is not entitled (because there is no legal basis for "dismissing" individual patent claims before they have even

been asserted) and that ASUS does not need anyway (because Ricoh has offered not to assert claims 1 and 4 if ASUS will likewise agree not to seek declaratory judgment with respect to those claims, until their validity has been addressed on appeal).  In order to conserve the resources of the Court and the parties, the Court should stay all proceedings on the '109 patent until the Federal Circuit has ruled on the validity of claims 1 and 4.

**I.     ASUS Is Not Entitled To "Dismissal" Of The '109 Patent From The Case**

ASUS's motion rests on three flawed premises: (1) Ricoh's '109 patent may not be asserted because two of the patent claims are invalid; (2) Ricoh has no basis to assert that ASUS infringes claims other than the ones found to be invalid; and (3) this Court must take some action to "dismiss" Ricoh's cause of action.  As discussed below, none of these premises is valid.

**A.  Each Claim of the '109 Patent Is Presumed Valid**

"Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims."  35 U.S.C. § 282.  Moreover, "[w]henever … a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid."  *Id.* § 288.  Thus, courts have long held that a prior finding of invalidity of some claims in a patent does not collaterally estop the assertion of infringement of other claims.  *See Russell v. Place*, 94 U.S. 606, 609 (1877) (refusing to apply collateral estoppel to issue of invalidity to patent with two claims because it was unclear which claim had earlier been found invalid); *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1135 (Fed. Cir. 1985) (refusing to apply collateral estoppel that claims were invalid, where different claims were at issue).  Therefore, at the pleading stage, ASUS may not have the entire '109 patent "dismissed" as invalid because claims 1 and 4 of the patent were previously found to be invalid.  Ricoh is entitled to assert other claims from the '109 patent against ASUS.

**B.  Ricoh Has Grounds To Assert Infringement by ASUS of Valid Claims of the '109 Patent**

ASUS asserts (at 2-3), without any explanation, that it is "unaware of any good faith basis for Ricoh to assert [claims, other than 1 and 4,] in this action" and even goes so far as to

state (at 6) that "[c]laims 1 and 4 are the only claims Ricoh could possibly assert in this case." For its part, Ricoh is unaware of any basis for ASUS's assertions. Ricoh can and will assert that ASUS infringes other claims of the '109 patent. Ricoh is prepared to disclose these infringement contentions at the time and in the manner provided for in the Patent Local Rules of this Court.

### C. Because No Claims Have Yet Been Asserted, There Is Nothing To "Dismiss"

Finally, ASUS asks (at 6) to have "Ricoh's third counterclaim for infringement of the '109 Patent … dismissed with prejudice." But there is nothing to dismiss. The law is clear that all the claims of the '109 patent, except for claims 1 and 4, are presumed valid, and ASUS must present clear and convincing evidence of obviousness if it is to invalidate those other claims. *See Knoll Pharm. Co. v. Teva Pharms. USA, Inc.*, 367 F.3d 1381, 1384 (Fed. Cir. 2004) (per curiam). Therefore, there are no grounds to dismiss Ricoh's *entire* infringement counterclaim on the '109 patent. In line with the notice pleading requirement of Federal Rule of Civil Procedure 8, and in accordance with Civil Form 16, Ricoh's counterclaim did *not* list specific patent claims that it alleged were infringed by ASUS. Indeed, ASUS has no way to know which claims it is accused of infringing in this suit until the Initial Infringement Contentions are produced under this Court's Local Patent Rules. Thus, there is no need to "dismiss" anything at this time. ASUS's motion is, at best, premature.

Beyond the fact that asserted claims have not yet been identified, there is an additional reason why ASUS's motion is premature. When this Court rules upon the scope and meaning of claims *other* than claims 1 and 4, it may ultimately consider what other courts have said about claims 1 and 4. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc) ("Because claim terms are normally used consistently throughout the patent, the usage of a term in one claim can often illuminate the meaning of the same term in other claims."). But the nature and extent of the impact of the prior Wisconsin and anticipated Federal Circuit decisions on claims other than claims 1 and 4 cannot be resolved at this early stage of the case. "Where obviousness is the basis for the prior invalidity holding, an inquiry into the identity of the validity issue [in the present case] is more properly phrased in terms of the *factual inquiries* mandated" in the standard obviousness analysis of 35 U.S.C. § 103. *Interconnect Planning*

*Corp.*, 774 F.2d at 1136 (emphasis added) (internal quotation marks omitted).  Thus, the invalidity of the other claims is an issue of fact that may involve discovery and expert opinion.  Now, at the pleading stage, the invalidity of those other claims simply is not ripe for decision.

## II.     The Court Should Stay Proceedings On The '109 Patent Until The Federal Circuit Rules On The Validity Of Claims 1 and 4

Precisely because, as just discussed, the Federal Circuit's decision on the validity of claims 1 and 4 may be relevant to the infringement and validity of the other claims, this Court should stay proceedings with respect to the '109 patent until the Federal Circuit rules on the validity of those two claims.  By staying the case with respect to that patent, the Court preserves the *status quo*, protecting both ASUS's and Ricoh's rights.  In order to avoid duplication of effort and the need to revisit decisions after the Federal Circuit rules, it is in the interest of all concerned to stay litigation of the '109 patent until that point.  As Wright & Miller warn, "[s]ubstantial difficulties result from the rule that a final trial-court judgment operates as res judicata while an appeal is pending [which may be avoided] by delaying further proceedings in the second action pending conclusion of the appeal in the first action."  *See* 18A Charles Alan Wright et al., *Federal Practice and Procedure* § 4433 (2d ed. 2002).  If ASUS had accepted Ricoh's prior proposal to do just that, then there would have been no need to burden the Court with ASUS's premature and ill-reasoned motion to dismiss.

The only plausible reason for this motion practice now – rather than working out the dispute among the parties – is so that ASUS can gain some perceived tactical advantage during the mediation between the parties before Judge Infante in November.  In other words, ASUS appears to be hoping that this Court will mistakenly dismiss the '109 patent, so that ASUS only has to worry about its infringement of three of Ricoh's patents, rather than four, during negotiations.   The Court should not countenance this game-playing.

## CONCLUSION

For the foregoing reasons, ASUS's motion to dismiss Ricoh's Third Counterclaim should be denied, and the Court should grant a stay of all issues concerning the '109 patent until the Federal Circuit rules on the validity of claims 1 and 4.

Dated: October 15, 2007                Respectfully submitted,

/s/ Donald P. Gagliardi_____

DANIEL J. BERGESON, State Bar No. 105439
dbergeson@be-law.com
DONALD P. GAGLIARDI, State Bar No. 138979
dgagliardi@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

MARK C. HANSEN, *pro hac vice*
mhansen@khhte.com
J.C. ROZENDAAL, *pro hac vice*
jrozendaal@khhte.com
RICHARD H. STERN, *pro hac vice*
rstern@khhte.com
KELLOGG, HUBER, HANSEN, TODD,
 EVANS & FIGEL, PLLC
Sumner Square
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

*Counsel for Defendant Ricoh Co., Ltd.*