1  RONALD S. LEMIEUX (SBN 120822)
   ronlemieux@paulhastings.com
2  MICHAEL EDELMAN (SBN 180948)
   michaeledelman@paulhastings.com
3  VIDYA R. BHAKAR (SBN 220210)
   vidbhakar@paulhastings.com
4  SHANÉE Y. WILLIAMS (SBN 221310)
   shaneewilliams@paulhastings.com
5  PAUL, HASTINGS, JANOFSKY & WALKER LLP
6  Five Palo Alto Square, Sixth Floor
   Palo Alto, CA  94306-2155
7  Telephone:  (650) 320-1800
   Facsimile:  (650) 320-1900
8

9  Attorneys for Plaintiffs
   ASUSTEK COMPUTER INC. AND
10 ASUS COMPUTER INTERNATIONAL

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16 | ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL, | CASE NO. C 07-01942-MHP |
|---|---|
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S THIRD COUNTERCLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| RICOH COMPANY, LTD., | Date:  October 29, 2007 |
| Defendant. | Time:  2:00 P.M. |
|  | Courtroom:  15 |
|  | The Honorable Marilyn H. Patel |
| AND RELATED COUNTERCLAIMS. | |

## I.  INTRODUCTION

There is no justifiable basis for Ricoh's opposition to this Motion To Dismiss. In light of the Western District of Wisconsin's determination that claims 1 and 4 of the '109 Patent are invalid, Ricoh is collaterally estopped from asserting those claims in the instant action. Ricoh does not deny that collateral estoppel applies to claims 1 and 4. No other claims were asserted in the Wisconsin action for the '109 Patent. Rather than dismiss these claims from this action, Ricoh coyly suggests that its Counterclaim for the '109 Patent in this case is so vaguely drafted that it is not clear that it intends to assert the same claims raised in the Wisconsin action, and that therefore it is not required to dismiss the claim asserted here. Ricoh's argument is flawed on numerous grounds.

As an initial matter, the law is well settled that collateral estoppel applies as to those claims the Western District of Wisconsin adjudged invalid, and there is no legal authority that permits Ricoh to assert those invalid claims in this action. Further, Ricoh apparently contends that, because its complaint is so vague that it does not identify the patent claims at issue, this means that it can avoid collateral estoppel at the pleading stage for *all* claims. This is simply untrue. The law is well established that collateral estoppel extends to all claims for which the *issue* of invalidity is substantially identical to the previously invalidated claims. Since claims 1 and 4 have already been adjudged invalid as obvious, the Court should issue an order dismissing those claims from this case.

In a misplaced effort to avoid this result, Ricoh suggests (without citing any authority) that a stay of "all issues concerning the '109 Patent" would be more appropriate pending its appeal of the finding of invalidity of claims 1 and 4. Both the Ninth Circuit and the Federal Circuit have opined, however, that the pendency of an appeal has no effect on this Court's discretion to bar Ricoh from asserting its invalid claims in this action. As such, there is no legitimate basis to stay this action.

Accordingly, Plaintiffs respectfully request the Court to grant this Motion To Dismiss.

/ / /

/ / /

## II. ANALYSIS

### A. Ricoh Does Not Dispute That Collateral Estoppel Applies As to Claims 1 and 4 of the '109 Patent.

Ricoh does not dispute that collateral estoppel applies to claims 1 and 4 of the '109 Patent, the claims adjudged to be invalid in the Wisconsin action. As a matter of law, Ricoh is precluded from asserting these claims in this action. *See Pharmicia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1379 (Fed. Cir. 1999) (*citing Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994)).

### B. Ricoh's Alleged Intention To Assert Claims Other Than Claims 1 and 4 of the '109 Patent Does Not Preclude the Court from Applying Collateral Estoppel to Claims 1 and 4.

Ricoh apparently contends that this Court cannot apply collateral estoppel as to Claims 1 and 4 because Ricoh *may* assert additional claims of the '109 Patent against Asustek in the instant action. Ricoh's argument is unavailing. In support of its argument, Ricoh improperly relies on *Russell v. Place*, 94 U.S. 606, 609 (1877), an opinion that did not apply collateral estoppel solely because of an ambiguity in determining which claims were previously found invalid. *See* Opposition at 3:15-19. The *Russell* case is inapposite because there is no question which claims were found invalid in the Wisconsin Action. The Wisconsin court's Order expressly stated that the defendants' motion for summary judgment was granted:

> with respect to plaintiff's claims that
> a. defendants infringe claims 1 and 4 of U.S. Patent No. 6,631,109, on the ground that those claims are obvious and therefore invalid…

Request for Judicial Notice, Exh. A at pp. 35-36.

There is no question that collateral estoppel is applicable to patent claims expressly identified in a prior judgment as being invalid. *See, e.g., Bourns, Inc. v. Allen-Bradley Co.*, 480 F.2d 123, 125 (7th Cir. 1973) (applying collateral estoppel to claims explicitly identified in prior

1  judgment of invalidity and permitting plaintiff to assert claims that were not specifically

2  identified in prior judgment).[1]  Ricoh has not cited any law to the contrary, because there is none.

3        Ricoh's efforts to avoid the collateral estoppel doctrine in this case make no sense.  In the

4  Wisconsin action, after conducting discovery, including a technical deposition of Asustek, and in

5  submitting a very lengthy and detailed expert report, the only claims of the '109 Patent Ricoh

6  asserted in the Wisconsin action were claims 1 and 4.  Even assuming Ricoh can find some good

7  faith basis to assert any additional claims of the '109 Patent in this action,[2] that simply does not

8  change the application of decades of established precedent regarding collateral estoppel.  Claims

9  1 and 4 must be dismissed from this action.

10  **III.    CONCLUSION**

11        For the foregoing reasons, Asustek respectfully requests that Ricoh's third counterclaim

12  for infringement of the '109 Patent be dismissed with prejudice.  Should the Court grant

13  Asustek's Motion To Dismiss, Asustek will dismiss its request for declaratory judgment of

14  noninfringement and invalidity of the '109 Patent, as these claims were asserted prior to the filing

---

[1] The Seventh Circuit subsequently expanded the holding in *Bourns* in *Technograph Printed Circuits, Ltd. v. Methode Elecs., Inc.*, 484 F.2d 905, 908-909 (7th Cir. 1973), wherein the Seventh Circuit applied collateral estoppel even as to claims that were not previously litigated upon a showing that the substance of the claims was identical to the previously litigated claims.  Ricoh overlooks the well-settled law that collateral estoppel requires consideration of the "issues" that were decided, not the patent claims that were litigated.  *Westwood Chem., Inc. v. United States*, 525 F.2d 1367, 1372 (Ct. Cl. 1975) ("in determining the applicability of the estoppel, the first consideration is 'whether the issue of invalidity common to each action is substantially identical.' It is the issues litigated, not the specific claims around which the issues were framed, that is determinative.").  The claims of the '109 Patent are substantially similar, and likely any claim that Ricoh ultimately decides to assert in this action will be barred by the collateral estoppel doctrine.  *See Westwood Chem., Inc. v. Molded Fiber Glass Body Co.*, 498 F.2d 1115, 1117 (6th Cir. 1974) (applying collateral estoppel to unadjudicated claims where the adjudicated claims and unadjudicated claims presented identical issues).

[2] The Asustek parties asked counsel for Ricoh to identify such good faith basis, but defense counsel refused to provide this information.

of the motion for summary judgment in the Wisconsin action that resulted in a finding of invalidity of claims 1 and 4 of the '109 Patent.

DATED: October 22, 2007

Respectfully submitted,

RONALD S. LEMIEUX
MICHAEL M. EDELMAN
VIDYA R. BHAKAR
SHANÉE Y. WILLIAMS
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____/s/ *Shanée Y. Williams*_____
  SHANEE Y. WILLIAMS

Attorneys for Plaintiffs
ASUSTEK COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL

LEGAL_US_W # 57357720.1

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO DISMISS DEFENDANT'S        -5-        CASE NO. C 07-01942-MPH
THIRD COUNTERCLAIM