UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ASUSTEK COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,

    Plaintiffs,

    v.

RICOH COMPANY, LTD.,

    Defendant.

No. C 07-01942 MHP

**MEMORANDUM AND ORDER**
**Re: Ricoh's Motion for a Stay Pending Appeal and Asustek's Motion to Dismiss Ricoh's Third Counterclaim**

On April 6, 2007 plaintiffs ASUSTek Computer Inc. and ASUS Computer International (collectively, "Asustek") brought this action against defendant Ricoh Company Ltd. ("Ricoh") seeking a declaratory judgment of non-infringement and/or invalidity of four of Ricoh's patents, including U.S. Patent No. 6,631,109 ("the '109 Patent"). On September 17, 2007 Ricoh filed its answer and asserted counterclaims against Asustek alleging infringement of the same four patents. Asustek now moves to dismiss Ricoh's third counterclaim, which alleges infringement of the '109 Patent. Concurrently, Ricoh moves for a stay of this action pending the resolution of its appeal before the Federal Circuit filed in an action involving the '109 Patent. Having considered the arguments and submissions of the parties, and for the reasons stated below, the court rules as follows.

BACKGROUND

On August 24, 2006 Ricoh filed a complaint for patent infringement in the Western District of Wisconsin (the "Wisconsin action"). Complaint ¶¶ 2 & 16. On April 3, 2007 Asustek was dismissed from the Wisconsin action for lack of personal jurisdiction. Id. ¶ 2. At the time of the dismissal, very little discovery had been taken by the parties. Williams Dec. ¶¶ 5–6. Ricoh's appeal of that judgment is currently pending before the Federal Circuit. Def.'s Opp. to Pl.'s Motion to Dismiss at 1.

After Asustek's dismissal, Ricoh continued to press its claims in the Wisconsin action against the remaining defendants. Id. The remaining defendants moved for summary judgment and the district court found claims 1 and 4 of the '109 Patent invalid as obvious in light of the prior art. Pl.'s Request for Judicial Notice, Exh. A at 7–11.[1] Ricoh's appeal of that judgment is currently pending before the Federal Circuit. Def.'s Opp. to Pl.'s Motion to Dismiss at 1.

LEGAL STANDARD

I.   Motion to Stay

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). Use of this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254–55. It is within a district court's discretion to grant or deny such a stay. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1105 (9th Cir. 2005).

II.  Motion to Dismiss

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ____, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901

F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

DISCUSSION

I.      Motion to Stay

Ninth Circuit, rather than Federal Circuit, law governs this motion to stay because motions to stay are not within the exclusive purview of Federal Circuit jurisdiction. Robinson v. Fakespace Labs., Inc., No. 02-1152, 2003 WL 858911, at *4 (Fed. Cir. Mar. 5, 2003) (per curiam). District courts have long retained substantial discretion to stay civil actions where "it is efficient for [the court's] docket and [where it is] the fairest course . . . pending resolution of independent proceedings which bear upon the case." Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (citation omitted). The Ninth Circuit has recognized that where "there is even a fair possibility that [a] stay . . . will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotations omitted). Additionally, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." Levya v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979). Thus, the touchstone consideration in determining whether to grant a motion to stay is the district court's obligation to "weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55.

Ricoh moves for a stay of this litigation pending appeal of Asustek's dismissal from the Wisconsin action before the Federal Circuit in order to conserve judicial resources and avoid duplication of effort. Ricoh argues that any work done in this action will be rendered moot if Ricoh

3

wins at the Federal Circuit. A motion to stay, however, does not hinge only on considerations of judicial economy. It is also this court's charge to consider prejudice or harm which a stay may impose on others. See Landis, 299 U.S. at 255. Indeed, it is well-settled that "case management standing alone is not necessarily a sufficient ground to stay proceedings." Dependable Highway, 498 F.3d at 1066.

Allowing the litigation to commence will involve minimal duplication because Asustek was dismissed at such an early stage in the litigation. Indeed, Asustek was a party to the Wisconsin action for only seven months prior to being dismissed. See Williams Dec. ¶ 5–6. Prior to dismissal, Asustek had not taken even a single deposition of Ricoh, Ricoh had taken only one 30(b)(6) technical deposition of Asustek and Ricoh had produced only 1,244 documents. Id. ¶ 5.

Staying the litigation would also be prejudicial to Asustek. Even Ricoh's most optimistic estimate would leave the parties in the lurch at least until February 2008. Def.'s Reply in Support of Motion for Stay at 1. Awaiting Ricoh's appeal in these circumstances would be highly prejudicial to Asustek, which has been living in the shadow of Ricoh's threatened patent litigation since August 2006. Complaint ¶ 16. Asustek brought this action for declaratory relief to escape that shadow and to have this court determine the merits of the matter. The prejudice and inefficiency resulting from a stay would greatly outweigh any gains.

Moreover, the Ninth Circuit has acknowledged that a stay pending appeal is of dubious character and may result in indefinite delay. In Yong, for example, the Ninth Circuit found that the district court had abused its discretion in staying a prisoner's habeas corpus petition "pending resolution of the appeal" of a separate case before the Circuit "because the issues raised in Yong's petition were to be considered in that case". 208 F.3d at 1117. Although the stay had only lasted five months at the time of its opinion, the court held that the term of the stay was indefinite because, in the event that the Supreme Court granted certiorari to review the Ninth Circuit's decision in Ma, "the stay could remain in effect for a lengthy period of time, perhaps . . . years." Id. at 1119. The Ninth Circuit further noted that "a single justice of the Supreme Court may stay the mandate of the Court of Appeals pending an application for certiorari to the Supreme Court." Id. n.2. (citing 28

4

1  U.S.C. § 2101(f); Sup. Ct. R. 23.2). Likewise, the court noted that Federal Rule of Appellate

2  Procedure 41(d) grants circuit courts the power to "stay the issuance of a mandate pending review

3  by the Supreme Court." Id.  Admittedly, Yong was a habeas case where urgency is critical.

4  Nonetheless, the principles of Yong have been applied to other less compelling situations. See, e.g.,

5  Dependable Highway, 498 F.3d at 1066 (9th Cir. 2007)(breach of insurance contract); Lockyer v.

6  Mirant Corp., 398 F.3d 1098, 1105 (9th Cir. 2005)(divestiture under Clayton Act).  Thus, the court

7  finds that it would be imprudent to condition its stay on anything as uncertain and indefinite as the

8  pendency of Ricoh's appeal before the Federal Circuit, especially in light of the Supreme Court's

9  recent interest in patent cases.  Accordingly, defendant's motion for stay is denied.

11  II.    Motion to Dismiss

12  To avoid the risk of inconsistent verdicts and to advance judicial economy, issue preclusion

13  (also called collateral estoppel) prevents parties from relitigating an issue of fact or law that was

14  already determined in prior litigation. See Resolution Trust Corp. v. Keating, 186 F.3d 1110, 1114

15  (9th Cir. 1999); Bates v. Jones, 131 F.3d 843, 857 (9th Cir. 1997), cert. denied, 523 U.S. 1021

16  (1998).  The party invoking issue preclusion must demonstrate that: (1) the issue at stake is identical

17  to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and

18  (3) the determination of the issue in the prior litigation was a necessary part of the judgment in that

19  action. Littlejohn v. United States, 321 F.3d 915, 923 (9th Cir. 2003).

20  As a threshold issue, the court must determine whether Asustek has met its initial burden as

21  described in Littlejohn.  In the Wisconsin action, the court addressed the questions presented by

22  defendant's third counterclaim, namely, the validity of claims 1 and 4 of the '109 Patent.  Likewise,

23  the validity of those claims was actually litigated and was a necessary part of the judgment in that

24  action.  Ricoh, for its part, does not attempt to dispute the preclusive effect of the Wisconsin court's

25  finding of invalidity here.  If Ricoh has a good faith argument that the Wisconsin action does not

26  preclude them from asserting those claims, the time to raise them has come and gone.  As such, this

27  court will start from the premise that Ricoh is collaterally estopped from asserting claims 1 and 4.

1    Prior to addressing the primary issue at hand, the court must dispense with a second
2 preliminary matter. Asustek, anticipating that Ricoh would argue the point, has asserted that the
3 mere existence of an appeal does not affect the finality of the Wisconsin court's holding for purposes
4 of collateral estoppel. Indeed, the Ninth Circuit has made clear that the pendency of an appeal does
5 not prevent application of the doctrine of collateral estoppel. Tripati v. Henman, 857 F.2d 1366,
6 1367 (9th Cir. 1988); see also Pharmacia Upjohn Co. v. Mylan Pharms., Inc., 170 F.3d 1373, 1379
7 (Fed. Cir. 1994). The decision in the Wisconsin action was a final determination on the merits and
8 must be given preclusive effect. The pendency of Ricoh's appeal before the Federal Circuit does
9 not, therefore, alter the court's foregoing analysis.

10   The court now turns to whether Ricoh's third counterclaim asserting infringement of the '109
11 Patent must be dismissed. Asustek contends that the doctrine of collateral estoppel compels
12 dismissal of the entire '109 Patent. Yet, the Patent Act requires that "[e]ach claim of a patent . . .
13 shall be presumed valid independently of the validity of other claims." 35 U.S.C. § 282. Moreover,
14 Congress anticipated this problem and squarely addressed it in section 288 of the Patent Act. 35
15 U.S.C. § 288 ("Whenever . . . a claim of a patent is invalid, an action may be maintained for the
16 infringement of a claim of the patent which may be valid"). Asustek has failed to show how
17 dismissal is permissible in light of these clear congressional mandates. Indeed, the primary case
18 upon which Asustek relies, Pharmacia, indicates that only the individual claims which themselves
19 have been invalidated can have preclusive effect. In Pharmacia, the Federal Circuit stated that "once
20 the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party
21 who is sued for infringement of *those claims* may reap the benefit of the invalidity decision under
22 the principles of collateral estoppel." 170 F.3d at 1379 (citation omitted) (emphasis added). That
23 language does not require dismissal here, because Ricoh does not assert only claims 1 and 4.
24 Instead, Ricoh asserted that Asustek has infringed the '109 patent— a patent with ten claims.
25 Complaint, Exh. C.

26   Ricoh's counterclaims are also entirely consistent with the mandates of Rule 8 of the Federal
27 Rules of Civil Procedure. Although it would be a simple matter for Ricoh to amend its pleading to
28

6

reflect the specific claim on which they now intend to rely, the notice pleading standard of the Federal Rules of Civil Procedure does not require this level of precision. See Conley v. Gibson, 355 U.S. 41, 47–48 (1957) . Thus, given Rule 8(f)'s clear directive that "all pleadings shall be so construed as to do substantial justice," this court finds that Ricoh has set forth sufficient allegations so as to put Asustek on notice of their claims under the '109 Patent. Fed. R. Civ. P. 8(f). Moreover, parties claiming patent infringement are required under this district's patent rules, Patent Local Rule section 3-1, to disclose, within ten days of the initial case management conference ("CMC"), each claim of each patent-in-suit that is allegedly infringed. Since Ricoh asserted its counterclaims after the initial CMC, the court orders Ricoh's "Disclosure of Asserted Claims and Preliminary Infringement Contentions," as required by Patent Local Rule section 3-1, be produced within ten days of this order. Additionally, in light of this court's ruling as to issue preclusion, Ricoh is estopped from asserting claims 1 and 4 of the '109 Patent in that disclosure. Accordingly this court denies Asustek's motion to dismiss Ricoh's third counterclaim.[2]

CONCLUSION

For the reasons stated above, the court DENIES Asustek's motion to dismiss and DENIES Ricoh's motion to stay.

IT IS SO ORDERED.

Dated: November 21, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

# **ENDNOTES**

1. Pursuant to Rule 201 of the Federal Rules of Evidence, plaintiff has requested that the court take judicial notice of two documents filed in the Wisconsin action, namely, the court's: (1) Opinion and Order, filed August 27, 2007; and (2) Judgment in a Civil Case, filed August 24, 2007. This request is uncontested by defendant. Plaintiff's request is hereby granted.

2. As a practical matter, this court's holding may in fact result in a dismissal of the '109 Patent from this action in its entirety. Although it is unclear from the record, it appears that Ricoh only saw fit to assert claims 1 and 4 of the '109 Patent against Asustek in the Wisconsin action. Consequently, if we are to believe Ricoh's assertion that "this declaratory judgment is a 'mirror-image' of [its] suit in Wisconsin," then the matter may be at an end. See Docket Entry 31 at 4.